WOLFF v. THE DANFORTH ARTIFICIAL LIGHT COMPANY, *Appellant.*

**Appeal from Justice's Court:** WAIVER OF NOTICE. In order to constitute a waiver of the notice required by law to be given when an appeal is taken from a judgment of a justice of the peace, a notice to take depositions served upon the appellant after the case is in the appellate court, should appear to have been given by the appellee or his attorney. If this does not appear, and the depositions taken in pursuance of the notice have not been filed in court, it will not operate a waiver.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*E. O. Hill* and *A. H. Vories* for appellant, cited *Page v. A. & P. R. R. Co.*, 61 Mo. 78.

*Green & Hodges* for respondent.

NORTON, J.—This case originated before a justice of the peace, who, on the 1st day of June, 1875, rendered judgment for plaintiff for the sum of $102.. An appeal from this judgment was taken to the Buchanan county circuit court on the 9th day of June, and the transcript was filed in the appellate court on the 11th day of June, 1875. At the January term, 1876, of said court, on plaintiff's motion, the judgment of the justice of the peace was affirmed, on the ground that no notice of the appeal had been given, although one term of the court had passed since it had been taken. The case is before us on appeal from said judgment of affirmance. Defendant admits that no notice of the appeal had been given, but on the trial of the motion to affirm, for the purpose of showing that plaintiff had waived his right to such notice, offered to read as evidence a notice given defendant on the 15th day of June, 1875, that depositions would be taken to be read as evidence in the cause on the 21st day of June, 1875, on

the part of plaintiff, and also the depositions taken in pursuance of said notice. The court rejected this evidence, and the action of the court in that respect is the error complained of by defendant, and the propriety of that action is the only question presented for our determination. Upon an examination of the record we find that the notice to take the depositions was not signed by the plaintiff, but by W. Masterson, without any statement that he was either the attorney or agent of plaintiff, nor do we find in the record any evidence that the depositions taken in pursuance of it were filed with the papers in the cause. The only statement on the subject is, that they were filed on the 11th day of June, 1875, ten days before the time appointed in the notice to take them. In the light of the facts we think the evidence was properly rejected. Judgment affirmed. All concur.