Dooley v. The Missouri Pacific Railway Company.

---

DOOLEY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Justices' Courts: APPEALS FROM WHEN TRIABLE. Where an appeal is taken from a justice of the peace after the day upon which judgment is entered, and the appellant fails to give notice of such appeal, and the appellee enters his appearance on or before the second day of the term to which the appeal is taken, the cause shall be triable at that term, or continued to the succeeding term, at the option of the appellee. But in such case the circuit court has no authority to affirm the judgment at the first term without giving the appellant an opportunity to try the cause. It can only do so at the second term where the appellant fails to give the required notice at least ten days before the beginning of such term. R. S., §§ 3056, 3057.

*Appeal from Monroe Circuit Court.*—HON. THEODORE BRACE, Judge.

REVERSED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

Plaintiff was only entitled to have the judgment of the justice affirmed in case the appellant failed to give the required notice of the appeal at least ten days before the *second* term. Rev. Stat., § 3057. The statute does not make a failure to give notice ten days before the *first* term cause for an affirmance. The failure must be a continued one until ten days before the second term. "A judgment of affirmance for want of prosecution cannot be taken at the return term of the appeal." *Nay v.*

*Han. & St. Jo. R. R.*, 51 Mo. 575, 577; *Riddle v. Gillespie*, 67 Mo. 627, 629.

*A. M. Alexander* for respondent.

The appellee having entered his appearance on or before the second day of the term, the cause stood for trial at that term of court. Rev. Stat., sec. 3056. After the appearance of the appellee in proper time, the cause, so far as a trial was concerned, stood in the same condition that it would at any subsequent term of the court, and the appellant then making default and the circuit court being a court of general jurisdiction, it had the power to affirm the judgment of the justice.

HENRY, J.—Plaintiff sued, in a justice court, to recover of defendant double damages for the alleged killing of his horse by defendant. August 6th, 1881, a judgment by default was rendered in his favor by the justice. August 15th, defendant appeared before the justice and moved to set aside the judgment, which was refused, and, on the 19th, defendant appealed to the circuit court of Monroe county. The first term of said circuit court, after said appeal was taken, was held in October, 1881, and, on the first day thereof, plaintiff entered his appearance, and, defendant having failed to give notice of its appeal, on motion of plaintiff, the court, on the next day, affirmed the judgment of the justice, and the defendant has appealed from that judgment.

Sec. 3056 of the Revised Statutes is as follows: "If the appellant fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or, at his instance, shall be continued as a matter of course, until the succeeding term, at the cost of the appellant." The following section provides that:

"If the appellant shall fail to give such notice, at

least ten days before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed at the option of the appellee."

The obvious meaning of the first section is, that, if the appellee enter his appearance on or before the first day of the term to which the appeal is taken, the cause shall be triable at that term. No authority is given to the court by that section, to affirm the judgment, without affording the appellant an opportunity to try the cause. This is made apparent by the succeeding section, which authorizes the court, at the second term, if notice has not been given of the appeal by the appellant, to affirm the judgment, or dismiss the appeal, at the option of the appellee. At the second term, if appellant has not given notice of his appeal, and appellee entered his appearance on or before the second day of the term to which the appeal is taken, appellant has no right to be heard, no right to a trial, but the appellee is entitled to an affirmance of the judgment, or a dismissal of the appeal, at his option.

This is the construction placed upon those sections by this court in repeated adjudications. *Nay v. H. & St. J. R. R. Co.*, 51 Mo. 577; *Page v. A. & P. R. R. Co.*, 61 Mo. 79; *Riddle v. Gillespie*, 67 Mo. 628. In the case at bar, the appellee entered his appearance on the first day of the term, and without giving appellant any opportunity whatever to establish its defence to the action, or, so far as this record discloses, to be heard in any manner, entered a judgment of affirmance, on the day following.

The judgment is reversed and the cause remanded. All concur.