S. J. TALBOT ET AL., Respondents, *v.* G. W. HORE, Appellant.

March 30, 1885.

APPEAL FROM JUSTICE COURT.—PRACTICE AS TO ENTERING OF APPEARANCE BY APPELLEE IN CIRCUIT COURT—CONSTRUCTION OF SECTIONS 3056 AND 3057, REVISED STATUTES.—It is provided by sections 3056 and 3057, Revised Statutes, as follows: *Section* 3056. " If the appellant fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or, at his instance, shall be continued as a matter of course until the succeeding term at the cost of the appellant, but no appeal shall be dismissed for want of such notice." *Section* 3057.—" If the appellant shall fail to give such notice at least ten days before the *second* term of the appellate court, after the appeal is taken, the judgment shall be affirmed or the appeal dismissed at the option of the appellee." If no notice of the appeal is given and no appearance entered, and no instance offered by appellee the cause will be continued generally as a matter of law —*White* v. *Van Houten,* 51 Mo. 575. If no notice is given and no appearance is entered, appellee may, at his (own) instance, continue at appellant's cost. If no notice is given and appellee enters his appearance " on or before the second day " (of the term) the case is in effect, as though notice had been given ; appellee exercises his " option " as to a trial the first term, by entering his appearance.

APPEAL from Moberly Court of Common Pleas, HON. G. H. BURCKHARTT, Judge.

*Affirmed.*

The facts are sufficiently stated in the opinion of the Court.

W. T. McCANNE, for the appellant :

I. The appellate court had no jurisdiction to try the cause at the first term after appeal, save at the demand or consent of appellee in said court, and the overruling of appellee's application for a continuance, and the trial of the cause at said term, were erroneous.

II. When appellant failed to serve notice on appellee, then appellee, at first term, *by entering his appearance* on or before second day of term, has his

option either to demand trial, or continue. The entry of appearance does not destroy his option.

III. The appeal not having been allowed on the day judgment was rendered by the justice, and more than ten days before the next term of appellate court, the cause was not triable at first term at *instance of appellant*, without having first served appellee with notice of appeal in writing ten days before first day of term.—Sect. 3055 Rev. Stat. This notice was not served in this case. It was the duty of the appellate court at the *first* term to continue cause at instance of appellee.—Sect. 3056 Rev. Stat.; *Hammerstein* v. *Haase*, 47 Mo. 498; *Blake* v. *Downey*, 51 Mo. 437.

No brief on file for respondent.

Opinion by ELLISON, J.

This case was begun before a justice of the peace in Randolph county, and resulted in a judgment for defendant before the magistrate. Plaintiff, who is respondent here, appealed to the Moberly court of common pleas. The appeal was taken after the day of judgment in the justice of the peace court and more than ten days before the first term of the Moberly court of common pleas thereafter. The appellee, at the first term of the appellate court, entered his appearance "on or before the second day" thereof.

When the cause was called for trial plaintiff answered ready and the defendant asked that the cause be continued, claiming it as his right under section 3056 Revised Statutes. The court denied the claim and proceeded to hear the cause against defendant's objection and exception. The result was a judgment for plaintiff and an appeal by defendant to this court.

This involves a question as to the construction of section 3056 Revised Statutes, not yet, as far as I have been able to learn, passed on by the Supreme Court. It and the section following read as follows: Section 3056, "If the appellant fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter

his appearance on or before the second day thereof, or, at his instance, shall be continued as a matter of course, until the succeeding term at the cost of the appellant, but no appeal shall be dismissed for want of such notice." Section 3057. "If the appellant shall fail to give such notice, at least ten days before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee."

If no notice of the appeal is given, and no appearance entered, and no "instance" offered by appellee, the cause will be continued generally, as a matter of law. —*White* v. *Van Houten*, 51 Mo. 575.

If no notice is given, and no appearace is entered, appellee may, at his instance, continue at appellant's cost.

If appellee said nothing, it would be continued generally as a matter of law. But on his "instance" or suggestion, it would be continued at appellant's costs.

If no notice is given, and appellee enters his appearance "on or before the second day" the case is in effect as though notice had been given. Appellee exercises his "option" as to a trial the first term, by entering his appearance. When he enters his appearance he has made his election to try the case at that term, and appellant must be ready for trial. He has a right to take the appearance, as a notice that a trial is to be had, and he prepares accordingly.

The circuit court gave the proper interpretation to the statute and its judgment is affirmed. The other judges concur.