BATES & WRIGHT, Respondents, v. SCOTT BROTHERS, Appellants.

Kansas City Court of Appeals, May 23, 1887.

JUSTICE'S COURT—NOTICE OF APPEAL.—WAIVER OF, WHEN—CASE ADJUDGED.—In the case of an *appeal* from a justice's court, a failure to give the *notice of appeal*, required by the statute, is *waived* by the appellee accepting service of notice to take depositions by appellant, after the appeal, and *appearing* at the taking of depositions, and objecting to certain questions asked of witness, and having the grounds of objection noted. So the notice of appeal is waived, by the appellee, by his having witnesses subpœnaed to attend the trial in the circuit court. And *any act* that, from its nature, implies that he is in court for *general purposes*, as to plead to the merits, or contest the trial, will be sufficient.

APPEAL from Henry Circuit Court, HON. JAMES B. GANTT, Judge.

*Reversed and remanded.*

The case is sufficiently stated in the opinion of the court.

A. HAYNIE, for the appellants.

The court below erred in *sustaining the motion to affirm* the judgment of the justice, for the reason that *no notice of appeal* had been given to appellees, at least ten days before the second term of the appellate court, after the appeal had been taken, for the reason that appellees *had waived the service of such notice*, and had entered their appearance, in such appellate court, they having appeared at *the taking of the deposition*, which was an appearance for general purposes. *Page v. Railroad*, 61 Mo. 78, and cases cited.

No brief for the respondents.

HALL, J.—This action was begun before a justice of the peace. The plaintiffs had judgment in the justice's court, and the defendants appealed from such judgment to the circuit court. The appeal was not taken on the day on which the judgment was rendered, and, no notice of appeal having been given, by the appellants to the appellees, the case was, at the return term of the appeal, continued by the circuit court. Thereafter, and before the second term of the circuit court, the appellants caused a notice to take depositions in the case to be served on the attorneys of record of the appellees, service of which notice was acknowledged by them. Pursuant to such notice, both parties appeared, by their respective attorneys, and the taking of depositions was proceeded with. The appellants' attorney propounded to the witness certain interrogatories, and to certain of the interrogatories the appellees' attorney objected, on the ground of the incompetency of the evidence, specifying the grounds of the objections, which objections, with the grounds thereof, were noted at the time in the deposition of the officer taking the same. The deposition was taken in due course, was properly filed with the clerk of the circuit court, before the second term of said court. At the said second term of the court, the appellees filed a motion to affirm the judgment of the justice, on the ground that the appellants had not served them with a notice of appeal. In the consideration of the motion, the facts just stated, concerning the taking and filing of the deposition, were made known to the court. The court sustained the motion to affirm.

The question is, did the appellees, by accepting service, by their attorneys, of the notice given by the appellants to take depositions in the case, after the appeal, and by appearing at the taking of the deposition, in pursuance of said notice, and by objecting to certain questions, stating the grounds of the objections, and having the same noted by the officer taking the deposi-

tion, waive the notice of appeal, required by statute to be given by the appellants ?

In *Page v. Railroad* (61 Mo. 79), the appellee was held to have waived the notice of appeal by having witnesses subpœnaed to attend the trial in the circuit court. The subpœnaing of witnesses was held to be "one of the first steps in the preparation for an actual trial in court," and that "a party, if he chooses, may voluntarily appear in court, and he will then be subject to the same jurisdiction as if he had been brought in by notice, or regular process. Any act that, from its nature, implies that he is in court, for general purposes, as to plead to the merits, or contest the trial, will be sufficient."

Had the appellees taken the depositions of witnesses and filed them with the circuit clerk, they would thereby have waived the notice of appeal. *Wolff v. Danforth Co.*, 70 Mo. 182. And it would seem that, had the appellees, by their attorneys, appeared at the taking of the deposition, and cross-examined the witness, that, thereby, in connection with the other facts stated, they would have waived the notice of appeal. *Berry v. Trust Co.*, 75 Mo. 433. We think, and so hold, that, from the facts stated, as to the taking and filing of the deposition, the appellees must be deemed to have waived the notice of appeal, and to have appeared in the circuit court for general purposes. By objecting to certain questions and having the objections, with the grounds thereof, noted, they plainly were preparing to have the circuit court pass upon the validity of the objections, and, in that way, they were preparing for trial in said court.

The judgment is reversed and the cause remanded. All concur.