DEATLEY & BIGGS, Appellants, v. BENJAMIN F. POTTER, Respondent.

Kansas City Court of Appeals, February 6, 1888.

JUSTICE OF THE PEACE — APPEAL FROM JUDGMENT OF TO CIRCUIT COURT—NOTICE OF APPEAL.—In the case of an appeal from the judgment of a justice of the peace to the circuit court, where no notice of appeal was given, but the plaintiffs (who were appellees) entered their appearance in the circuit court, notice of the appeal was thereby dispensed with. If an appellee enters his appearance the case stands, "in effect, as though notice had been given." 17 Mo. App. 175. (*Dooley v. Railroad*, 83 Mo. 108, and *Priest v. Railroad*, 85 Mo. 521, *distinguished*).

APPEAL from Vernon Circuit Court, HON. CHARLES G. BURTON, Judge.

*Affirmed.*

The case is stated in the opinion.

GORDON & HOSS, for the appellants.

I.   The issues in this cause arise out of the action of the circuit court in refusing to sustain the motion

for an affirmance of the judgment of the justice of the peace, and in overruling the motion for a new trial. The motion for an affirmance of the judgment of the justice of the peace, as well as that for a new trial, should have been sustained. Rev. Stat., p. 511, secs. 3055, 3056, 3057. Section 3057 is a new section, but has been construed by the Supreme Court in the following authorities: *Dooley v. Railroad*, 83 Mo. 103; *Priest v. Railroad*, 85 Mo. 521.

II. This action was begun before a justice of the peace. The plaintiffs had judgment in the justice of the peace court, and the defendant appealed from such judgment to the circuit court. The appeal was not taken on the day that the judgment was rendered, and no notice of appeal having been given, by the appellant to the appellees, and the appellees, by their attorneys, having entered their appearance of record in the circuit court on the second day of the May and return term, 1886, since the appeal was taken, the case was then continued by the court to the next and November term, 1886. At the November term, 1886, being the second term of said court since the appeal was taken, there was a continued failure to prosecute the appeal by reason of the appellant still having failed to give the appellees notice of appeal, and for that reason the appellees, by their attorneys, filed a motion for an affirmance of the judgment of the justice of the peace, which was overruled by the court.

III. By no action of ours in this case have we waived our right to the required notice of appeal, nor is the appellant in any way relieved from the obligation to give it. It is held in the authorities cited in our brief, that our entry of appearance of record did not waive our right to notice or relieve the appellant from his obligation to give it. If we are correct in this position, and our appearance of record did not obviate the necessity of the required notice of appeal, then did our action in going to trial upon the merits do so? We think not. When we entered our appearance of record,

we were then in court for all purposes, and if this did not relieve the appellant from his default, then we are unable to see how our action in going to trial on the merits could aid him. Section 3057 was enacted in the revision of 1879, and had not been in force prior thereto, and has been construed by our court of last resort, in the authorities only that we have cited in our brief, so far as we have been able to ascertain. In those authorities the entire court, in a similar case to ours, held that we were entitled to an affirmance of judgment, where no notice of appeal was given, at the second term of court, after the appeal was taken, although we had, on or before the second day of the return term, entered our appearance of record; and one of the judges even went so far as to hold that we were entitled to such an affirmance at the first or return term, where no notice of appeal was given. In the language of the judge who rendered the opinion in 83 Mo. 103: "At the second term, if appellant has not given notice of his appeal, and the appellee entered his appearance on or before the second day of the term to which the appeal is taken, appellant has no right to be heard, no right to a trial, but the appellee is entitled to an affirmance of the judgment, or a dismissal of the appeal, at his option."

G. S. Hoss, for the respondent.

I. The only question at issue is, was the respondent required imperatively to serve appellants herein with a notice of the appeal, after an appearance had been entered in open court by appellants, and the case continued by them. The Supreme Court of this state has uniformly held that entering an appearance in open court, by the appellee, is a waiver of the necessity for a notice of the appeal. The very object of giving the notice is to inform the appellee that the case will stand for trial anew in the circuit court. Hence, when the appellee voluntarily enters his appearance of record, the necessity of giving notice no longer exists. If, after

the appellee enters his appearance, the appellant appears and announces ready for trial, there is no failure to prosecute the appeal.

II. The cases referred to by appellants herein are not in point. The question at issue here was not passed upon in either case. In each of these cases the appellant failed to appear when the case was called for trial in the circuit court. In both of those cases the judgment of the justice was affirmed without trial, and the judgment of the circuit court, in each case, was reversed.

III. If respondent was in default in not giving notice, it was cured by appellants' attorney appearing and trying the case on its merits.

ELLISON, J.—This is a suit on an account and originated in a magistrate's court. Plaintiff obtained judgment in that court, and defendant, on a day subsequent to that on which the judgment was rendered, appealed to the circuit court, the next sitting of which was more than ten days subsequent to the appeal. No notice of this appeal was given to plaintiffs, but they, nevertheless, entered their appearance on or before the second day of the term, and the cause was continued by the court to the following term. At this latter term, no notice of the appeal being yet given, plaintiffs filed a motion to affirm the judgment of the justice, " upon the ground of the failure of defendant to prosecute his appeal, in not having given notice of appeal either at the return or succeeding term of the circuit court." The motion was overruled and both parties entered upon a trial of the cause on the merits. Judgment being given for defendant, plaintiffs appealed to this court, assigning as sole error, the refusal of the court to sustain their motion to affirm the judgment of the justice. When appellees, plaintiffs herein, entered their appearance in the circuit court, notice of the appeal was thereby dis-

pensed with. If an appellee enters his appearance, the case stands, "in effect, as though notice had been given." *Talbot v. Hore,* 17 Mo. App. 175. "A party, if he chooses, may voluntarily appear in court, and he will then be subject to the same jurisdiction as if he had been brought in by notice or regular process." *Page v. Railroad,* 61 Mo. 78. In that case it was held that subpoenaing witnesses in a cause was a sufficient act on the part of appellee to waive notice of the appeal.

But plaintiffs rely for a reversal of this cause on the cases of *Dooley v. Railroad,* 83 Mo. 103, and *Priest v. Railroad,* 85 Mo. 521. The latter case does not present the question involved here. That case holds that, where there is no notice and the appellee enters his appearance at the first term, he can have a *trial* at that term, but cannot, on motion, have the judgment affirmed at that term. The dissenting judge in that case thought the judgment could be affirmed because the appellant failed to "prosecute his appeal with due diligence to a decision," in that, though the cause was for trial at that term (from the fact that the appellee had entered his appearance), yet appellant *failed to appear* and prosecute his appeal, thereby bringing himself under section 1000, Revised Statutes.

The case in 83 Mo., *supra,* does contain a remark bearing out the contention of plaintiff; but the point contested and decided in that case was the appellee's right to have the judgment affirmed on motion at the first term. And it is said, at page 105, that, "At the second term, if appellant has not given notice of his appeal, and appellee entered his appearance on or before the second day of the term to which the appeal is taken, appellant has no right to be heard, no right to a trial, but the appellee is entitled to an affirmance," etc. The case has possibly been misreported, or if not, the words, "has not," have been inadvertently omitted between the words, "appellee" and "entered his appearance," etc. That the expression was not meant as

reported, is shown by the fact that the authorities cited sustain the view we take of this case.

The judgment, with the concurrence of the other judges, is affirmed.