WILLIAM PAYNE, Respondent, v. CURRENT RIVER RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. **Jurisdiction:** APPEARANCE OF DEFENDANT IS A WAIVER OF INFORMALITY IN NOTICE OF APPEAL. Where the defendant appears on the trial of a case appealed from a justice's court and took part in the proceedings at the trial, this gives jurisdiction of the person of the defendant, and was a complete waiver of the informality in the notice of appeal.

2. **Negligence:** DUTY OF RAILROAD COMPANY TO FENCE ROADWAY. It was sufficient to make it the duty of defendant railroad company to fence the roadway, as against plaintiff's cow, that the animal was in the adjoining field by the consent, express or implied, of the owner of the land.

*Appeal from the Howard Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

OLDEN & ORR for appellant.

The defendant's motion to affirm the judgment of the justice should have been sustained. Section 6344, Revised Statutes 1889, provides: "If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee." The notice

referred to is prescribed by section 6342, as follows: "If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing stating the fact that an appeal has been taken from the judgment therein specified." Then follows a clause prescribing the manner of service of this notice. There is no point made as to the mode of service, but it is contended by appellant that there was no notice of appeal. In other words, that a notice directed to appellee's attorney is not a notice to appellee. In short, the fact that the notice may be served on the attorney should not be confounded with the requirement that the notice must be to the party. It is an elementary rule of law that all notices which are required to be in writing must be directed to the party to be notified. And the fact that such notice may be served on an agent or attorney, does not dispense with this requisite of a valid notice: that it be directed to the party to be notified. The statute requiring notice to be given on appeals from justices of the peace has been often construed by the appellate courts of this state, and it has been uniformly held that the statute must be strictly followed. That actual knowledge on the part of the appellee that the appeal has been taken will not be sufficient. Walker v. Carrew, 56 Mo. App. 320. That notice to the attorney who appeared and represented appellee in the circuit court is not sufficient. Ellis v. Kyes, 47 Mo. App. 155; Byrd v. Steel, 49 Mo. App. 419. That this notice is jurisdictional, without which the circuit court acquires no jurisdiction. Crosby v. Clary, 43 Mo. App. 226; Cooksey v. R. R., 17 Mo. App. 138, and cases cited. And prior to amendment in 1889, notice could not be served on an attorney. Jordan v. Bowman, 28 Mo.

App. 608; Fuller v. McClure, 25 Mo. App. 418. The following instruction on the part of the plaintiff is erroneous: "No. 1. The court instructs the jury that it is admitted that the cow was struck by defendant's train at a point on its road where it was not fenced, and that the cow belonged to plaintiff; the only question, therefore, for you to determine is the difference, if any, between the value of the cow before and after she was struck by defendant's train, and if she was of less actual value at any time after she was struck, by reason of such striking, then you should find such amount of difference in value for the plaintiff."

No brief filed for respondent.

BOND, J.—This suit was begun before a justice for double damages for the injuries to a cow caused by the engine of defendant's train. Plaintiff appealed from a judgment in his favor to the circuit court, where the cause was tried *de novo* and plaintiff had judgment for $15, from which defendant appealed.

The first complaint is that the notice of appeal was addressed to the attorney of the defendant and not to the defendant itself. It is conceded that the notice was properly served under the statute authorizing service upon the attorney. R. S. 1889, sec. 6342. There is no merit in this assignment of error. The record shows that defendant *appeared* on the trial of the cause in the circuit court, took part therein by introducing evidence and submitting the issues by instructions.

This gave the court jurisdiction of the person of defendant and was a complete waiver of the informality in the notice of appeal, even if it had been material (which is not decided).

The next point insisted upon is the alleged insufficiency of the evidence to support the finding.   Several witnesses testified that the cow was injured by the collision with defendant's train to the extent of $20 or $25.   It is true that the written statements of some of the witnesses taken by defendant's attorney and introduced in evidence contained itemizations of the damage to the cow, ascribing some of it to "loss of milk and butter," and "for care and keep," but the court, at defendant's request, excluded all these elements from the consideration of the jury, and the record shows that there was ample evidence, aside from these specifications of damage, to sustain the verdict of the jury as to the difference in value of the cow before and after being struck by defendant's train.

It is complained lastly that there is no evidence that the cow was lawfully in the field through which the railroad ran, and hence, conceding that its roadway was unfenced, plaintiff could not recover without showing that there were no fences on the three other sides of the field.  The evidence does not sustain this contention.  It was sufficient to make it the duty of defendant to fence the roadway, as against plaintiff's cow, that the animal was in the adjoining field by the consent, express or implied, of the owner of the land.  Smith v. R'y, 25 Mo. App. loc. cit. 115.  The evidence of Brotherton, the owner of the field through which defendant's unfenced roadway ran, showed that the cow was "running in his (Brotherton's) pasture," with his, Brotherton's, knowledge and consent.  This was enough to entitle plaintiff to rely upon the statutory obligation of the defendant to fence its track, and the instruction of the court submitting these issues was correct.

The judgment is affirmed.   All concur.