LAURA PATTISON, Respondent, v. MISSOURI, KAN-
SAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, April 7, 1902.**

Justices' Courts: APPEALS: NOTICE OF: WAIVER. Notice of ap-
peal may be waived by the conduct of the appellee, but where a
case is called in the circuit court at the first term after appeal, and
the appellee's counsel being present in court is asked what he has
to ·say, as to the appellant's application for continuance and an-
swers that he neither objects nor consents—this without more is
not such conduct as will amount to a waiver.

Appeal from Howard Circuit Court.—*Hon. Jno. A. Hocka-
day,* Judge.

AFFIRMED.

*R. C. Clark* and *Geo. P. B. Jackson* for appellant.

(1)   The plaintiff waived the notice of appeal by ap-
pearing at the first term after the November term, 1900, and
therefore the court erred in sustaining the motion to affirm
the judgment of the justice of the peace at the April term,
1901.   Bates v. Scott, 26 Mo. App. 428; Brewing Co. v.
Hauessler, 11 Mo. App. 387; Talbot v. Hore, 17 Mo. App.
175; Deatley v. Potter, 29 Mo. App. 225; Page v. Railroad,
61 Mo. 78; Kenner v. Lead Co., 141 Mo. 251.   (2)   Hav-
ing appeared to the application for continuance at the Novem-
ber term, 1900, without limiting the appearance to the special
purpose of objecting to the jurisdiction of the court, or to
take advantage of the want of notice of appeal, the plaintiff
was in court for all general purposes.   Tennison v. Tennison,
49 Mo. 110; Whiting v. Budd, 5 Mo. 443; Orear v. Clough,

52 Mo. 55; State v. Woolery, 39 Mo. 525; Peters v. Railroad, 59 Mo. 406; Tower v. Moore, 52 Mo. 118; Pry v. Railroad, 73 Mo. 124; and cases cited under Point 1.

*Sam C. Major* for respondent.

The court after hearing all the evidence and having been on the bench at both terms when the case was before it, and being cognizant of all steps that had been taken in court in regard to the matter, found that there had been no appearance and no waiver of the notice. Having so found on the facts, it was the court's imperative duty to affirm the judgment. Sec. 4076, R. S. 1899; Cooksey v. Railroad, 17 Mo. App. 132; Crosby v. Clary, 43 Mo. App. 222; Wolf v. Coffin, 46 Mo. App. 190; Hammel v. Weis, 54 Mo. App. 14; McCabe v. Lecompte, 15 Mo. 78; Nay v. Railroad, 51 Mo. 577. (2) The actual knowledge of the appellee that an appeal has been taken will not suffice. She has the legal right to exact the written notice prescribed by the statute. The McGinnis & Ingels Co. v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118; Smith Drug Co. v. Hill, 61 Mo. App. 680; Walker v. Carrew, 56 Mo. App. 320. (3) Notice is never dispensed with till the appellee has done some act by which the want of it is waived; an act that from its nature implies that he is in court for general purposes. McCabe v. Lecompte, 15 Mo. 78; Page v. Railroad, 61 Mo. 78.

BROADDUS, J.—This action was begun in a justice's court where judgment was rendered for the plaintiff, from which the defendant appealed to the circuit court of the county. The judgment in the justice's court was rendered on November 5, 1900, and the appeal was taken on the fifteenth of said month in time for the November term of the circuit court. No notice of appeal was given and the case was continued to the next April term of the court at the cost of

the defendant. The defendant still failing to give the statutory notice required in such cases, the plaintiff appeared and moved the court to affirm the judgment of the justice, which motion was sustained, from which action in affirming said judgment the defendant appealed. On the hearing of the motion the defendant's attorney, Mr. R. C. Clark, testified that shortly prior to said November term he called upon Sam C. Major, plaintiff's attorney, and sought to arrange with him for a continuance of the case at the approaching term, because of the unavoidable absence of Mr. Jackson, the attorney who had the active charge of the case; that Mr. Major declined at the time to agree to a continuance and stated that he expected to be ready to try the case. · Witness also stated that the case was set for trial on the third day of the November term, at which time he brought the matter to the attention of the court, Mr. Major being present in the court at the time he made application for a continuance of the case, on the ground of the absence of his co-attorney; that the application was made orally, he (Clark) representing the defendant. When the application was made the judge of the court inquired as to who represented the plaintiff and was informed that Mr. Major, who was present, did so, but that prior to his calling the attention of the court to the matter Mr. Major had stated to him that he might have the case continued at the cost of the defendant. On the other side, Mr. Major testified that at the November term aforesaid when the matter of a continuance of the case was brought to the attention of the court, the judge asked who represented the plaintiff and Mr. Clark in reply stated that he (Major) did; whereupon, the judge asked if Mr. Major consented to a continuance, to which the latter replied that he neither consented nor objected. He further testified that he had made no preparation for trial, had summoned no witnesses for that time and had never stated to Mr. Clark that he would be ready for trial; and that he had never told him that the case could be continued at de-

fendant's cost; and he further stated that when the matter of a continuance of the case was called up he was present in court engaged in the trial of another case. Mr. Jasper Thompson, who was a member of the bar, testified that he was present at the November term when the application for a continuance of the case was called up, and that he heard Mr. Major say that he neither consented nor objected to a continuance.

The defendant contends that the facts show that there was such an appearance at the November term as waived the statutory notice required.

Section 4074, Revised Statutes 1899, provides that if the appeal be not allowed on the same day on which judgment is rendered, notice in writing of an appeal shall be served on the appellee ten days before the term at which the cause is to be determined. And section 4075 provides that a failure on the part of the appellant to give such notice shall give the appellee the option of a trial at the first term, if he shall enter his appearance, on or before the second day of the term, or at his instance it shall be continued as a matter of course. Section 4076 provides that if the appellant fails to give the required notice ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed or the case dismissed.

The courts hold that notice of appeal may be waived by the conduct of the appellee. In Brewing Co. v. Hauessler, 11 Mo. App. 387, it was held that the voluntary appearance of the appellee for the general purposes of the case constitute waiver of notice of appeal. In Bates v. Scott, 26 Mo. App. 428, the court held that the statutory notice was "waived by the appellee accepting service of notice to take depositions by appellant, and objecting to certain questions asked of witness and having the grounds of objection noted; and that any act which from its nature implies that he is in court for general purposes will be sufficient." In Page v. Railway, 61 Mo.

78, the court held: "Any act which implies that appellee is in the circuit court for general purposes, such as to plead to the merits or contest the trial, as when he subpoenaes witnesses therefor will be held sufficient to confer jurisdiction on the court to try the case."

But we can not see how, under these authorities, the action of the plaintiff's attorney at the time the case was continued can be construed as an appearance for any purpose. He was there in court attending to another case and did not answer when the matter was called to the attention of the court by appellant's attorney, and when he did answer it was at the request of the court to know if he consented to a continuance. His answer that he neither objected nor consented was in effect saying nothing. Had he said he would do either one or the other, it would have been an appearance. He could not as a member of the bar with propriety have failed to make some response to the judge's question, and in doing so, in our opinion, he was far from using such language as would imply in the least that he was present for the general purposes of the case. In fact, it was a disclaimer that he was appearing for any purpose whatever. The other facts brought out on the hearing of the motion by appellant were controverted, and the court's finding in that respect is conclusive upon us.

The cause is affirmed. All concur.