MORGAN, Respondent, v. GARRETSON & GREA-
SON LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, March 1, 1904.

1. **JUSTICES OF THE PEACE:** Notice of Appeal: Appearance.
Where two cases, appealed from a justice of the peace, were, by
agreement of the parties, tried as one suit, that agreement,.
whether oral or in writing, was an appearance by the appellee
to both suits and a waiver of notice of appeal.

2. **EVIDENCE:** Contract Collateral to the Main Issue. In an ac-
tion for the value of some timber, sold and delivered by plain-
tiff to defendant, where, under the defense urged, the main is-
sue was whether or not the timber was cut from the land of a
stranger who had seized it, a written contract between plaintiff
and another stranger giving plaintiff a license to cut timber
on the latter's land, was collateral to the main issue and its.
production in evidence was not necessary.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*J. R. Young* for appellant.

(1) Case number 193 was not triable because
there was no notice of appeal and because the appellee
had not entered his appearance. R. S. 1899, sec. 4074
and sec. 4075; Hawley v. Railroad, 80 Mo. 540. (2)
A party can not split his demand without consent of the
debtor. Morrison v. deDonato, 79 Mo. App. 643.
(3) Timber growing and standing on land is a part of
the real estate and must be disposed of by instrument
effectual to convey an interest in real estate, and if
respondent did not have title to the timber standing
upon the land he could not create title by cutting it
down and hauling it away. Anderson v. Costigan,

30 Mo. App. 32; Deland v. Vanstone, 26 Mo. App. 301; Alt v. Grosclose, 61 Mo. App. 412. (4) Where timber is severed from land without right the title to the timber remains in the owner of the land. Baker v. Campbell, 32 Mo. App. 533; Kelley v. Vandiver, 75 Mo. App. 437.

BLAND, P. J.—It is asserted by appellant in his statement of facts, that respondent had one demand against it; that he split that demand and brought two suits thereon before a justice of the peace, both of which were appealed to the circuit court, where they were docketed as numbers 187 and 193; that no notice of the appeal in case No. 193 had been served on the appellee nor had he entered his appearance to said suit in the circuit court. But that notwithstanding no notice of appeal had been given on the day No. 187 was called for trial, on the suggestion of respondent the two suits, over the objection of the appellant, were by the court consolidated and made one suit. The issues were, by agreement of counsel, submitted to the court without a jury, who, after hearing the evidence, found for the plaintiff and assessed his damages at $80, for which amount judgment was rendered. Timely motions for new trial and in arrest were filed, which were by the court overruled. Defendant appealed.

The accounts sued on in the justice's court are nowhere to be found in the record, nor are they set out in the abstracts; but it is shown by the record proper that there were two causes pending in the circuit court which, by agreement of parties, were tried as one suit. This agreement, whether oral or in writing, was an appearance by defendant to both suits and was a waiver of notice of appeal, if one was required. Bates & Wright v. Scott Bros., 26 Mo. App. 428; Pattison v. Railway, 93 Mo. App. 643; Crenshaw v. Ins. Co., 71 Mo. App. 42.

The suit, as we gather from the evidence, seems to have been to recover the value of some piling timbers respondent had cut and delivered, or attempted to deliver, to the appellant. That he cut the timber and hauled it to the appellant's yards and there unloaded it, is not denied, and that it was shipped by appellant is reasonably inferable from the testimony. It is claimed by appellant that respondent cut the timber from the lands of the Chouteau Land & Lumber Company and that the timber was seized and taken possession of by that company and that it was shipped as the timber of that company. Respondent testified that the timber was not cut from the lands of the Chouteau Land & Lumber Company, but from the land of Reed and Young, and that he had permission from E. A. Thomas to cut the timber. Thomas testified that he and Fittenger had a written contract with Reed and Young, authorizing them to work the timber on their land and that he (Thomas) had sold the right to respondent and that the contract was in writing and was at his home. The appellant moved to strike out so much of the evidence of Thomas as tended to show a right in him and Fittenger to cut and remove timber from the lands of Reed and Young, for the reason the witness testified that the grant of license was evidenced by a written contract in his possession. The court refused to strike out this testimony, to which refusal appellant duly saved an exception.

The main issue and the one upon which the case hinged was whether or not the timber in question was cut from the lands of the Chouteau Land and Lumber Company. The written contract from Reed and Young to Fittenger and Thomas, permitting them to cut timber on their land was collateral to the main issue and its production as evidence was not necessary. 1 Greenleaf on Evidence (15 Ed.), sec. 89. In fact the offer of evidence of the existence or non-existence of that

contract was an attempt to introduce a false issue in the controversy and to divert the mind of the trier of the facts from the true issue, to-wit, whether or not the timber was cut from the lands of the Chouteau Land & Lumber Company. The *onus probandi* to show title to the timber in the Chouteau Land & Lumber Company was on the defendant. Its failure to do so by evidence satisfactory to the court entitled plaintiff to a verdict and he was not called on to show a right to cut the timber from the land of Reed and Young.

The judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.