Bartschat v. Downey.

MINNIE BARTSCHAT, Respondent, v. JAMES DOWNEY et al., Appellants.

### St. Louis Court of Appeals, April 8, 1913.

1. **APPELLATE PRACTICE: Defects in Abstract: Waiver.** A motion to dismiss an appeal because appellant's abstract does not differentiate between record proper and matters of exception will not be considered where written objection to the abstract was not filed within ten days after it was filed, as required by Rule 33.

2. **JUSTICES' COURTS: Appeal: Notice: Jurisdiction.** While the granting of an appeal by a justice of the peace gives the circuit court jurisdiction over the cause, the service of notice of the appeal, as required by Sec. 7584, R. S. 1909, is indispensable to jurisdiction over the person of appellee, unless waived by his voluntary appearance.

3. ————: ————: ————: Waiver. On appeal from a judgment rendered by a justice of the peace, any act implying that the appellee is in the circuit court for general purposes constitutes a waiver of notice of the appeal and confers upon the court jurisdiction over the person of the appellee, and hence the failure to serve notice of the appeal on the appellee is waived where the appellee goes to trial on the merits in the circuit court.

4. ————: ————: Filing Fee: Waiver. The failure of a party appealing from a judgment of a justice of the peace of the city of St. Louis to pay the fee for filing the transcript in the office of the clerk of the circuit court, as required by Sec. 4158, R. S. 1909, is merely a failure to prosecute the appeal with due diligence, and is waived by the appellee by going to trial and introducing his evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen,* Judge.

REVERSED AND REMANDED.

*John H. Overall* for appellants.

(1) The appeal herein was properly taken from the justice's court in pursuance to Secs. 7568, 7569, 7570 et seq., R. S. 1909. Nothing in said sections requires appellant to pay any filing fee in the circuit court, nor is there any other statute requiring the payment of a filing fee of two dollars. Sec. 4158, R. S. 1909, requires the payment of one dollar, known as the judge's fee, on filing of the transcript of the justice of the peace in the office of clerk of the circuit court. There is no statutory provision authorizing the circuit court to affirm the judgment of the justice of the peace for failure to pay this filing fee. (2) Where attorney for appellee pays this filing fee and appears in the circuit court for the purpose of having the transcript of the justice amended, he is then in court for general purposes and the circuit court acquires jurisdiction. Especially is this so after the circuit court has set aside its order affirming the judgment of the justice of the peace, and the case has been tried on its merits before a jury duly impaneled. (3) Where appellee has paid the circuit court filing fee which has been taxed as costs there is no obligation on the part of the appellant to refund this amount, as same is secured by cost bond. (4) The statutory notice of appeal is dispensed with where appellee's attorney has appeared in court and secured an amendment of the transcript of the justice of the peace and appellee has appeared in court in person and gone to trial on the merits of the case before any motion to affirm the judgment of the justice for failure to give notice of appeal has been filed. Payne v. Railroad, 75 Mo. App. 14; Brewing Co. v. Hauessler, 11 Mo. App. 387; Parmelee v. Williams, 71 Mo. 410; Berry v. Trust Co., 75 Mo. 430; Page v. Railroad, 61 Mo. 78;

Kerner v. Lead Co., 141 Mo. 248. (5) Notice of appeal is also waived by subpoenaing witnesses. Bates & Wright v. Scott Bros., 26 Mo. App. 428

*A. B. Kammann* for respondent.

In all classes of appeal from one court to another, it is a fundamental principle, essential to the jurisdiction of the appellate court, that the appeal was taken within time and in the manner prescribed by law and where it is not taken, the appellate court has absolutely no jurisdiction to proceed to an examination of the merits. Green v. Costello Adm., 35 Mo. App. 127; Devore v. Steckler, 49 Mo. App. 547. It is *res adjudicata* and if reopened it must be according to law. A literal compliance with the requirements of the statute is always held to be essential. Robinson v. Walker, 45 Mo. 117. This is a statutory notice and a statutory notice is not binding unless given as the law directs and allows. 22 Bouvier's Law Dict., 515.

ALLEN, J.—This suit involves the sum of twenty-nine dollars, being an alleged balance due plaintiff for domestic services rendered defendants. The action was begun before a justice of the peace, where, on December 29, 1910, plaintiff had judgment. Within ten days thereafter an appeal was duly taken by defendants to the circuit court of the city of St. Louis.

Thereafter, apparently on January 12, 1911, the transcript of the proceedings before the justice was lodged in the office of the clerk of the circuit court of the city of St. Louis. Defendants (appellants) not having paid the filing fee therefor, the same was paid by the plaintiff's counsel on February 16, 1911. On February 21, 1911, and during the February term, 1911, the circuit court, upon motion of plaintiff's counsel, entered judgment affirming the judgment of the justice, for failure of defendants to pay the said filing fee.

Thereafter, at the same term, on March 6, 1911, upon motion of defendant's counsel the said judgment of affirmance theretofore rendered was set aside. On June 12, 1912, the cause came on for hearing before the court and a jury. Plaintiff's counsel was not present in court at the time; but plaintiff, who was present, declined to submit to a continuance, and the cause proceeded to trial. Plaintiff's evidence was heard, and defendants were proceeding with their defense, when counsel for plaintiff appeared and moved the court, *ore tenus,* to affirm the judgment of the justice, on the ground that the circuit court had no jurisdiction to hear and determine the cause, because of the failure of defendants to pay the filing fee therein, and their failure to give the statutory notice of appeal. The court sustained this motion, discharging the jury, and entered judgment affirming the judgment of the justice. After unsuccessful motions for a new trial and in arrest, defendants have appealed to this court.

I. The first thing presenting itself for our consideration is a motion to dismiss the appeal in this court, filed by respondent. The point to this motion is that appellants' abstract of the record is, as respondent says, such that respondent is unable to determine, from an inspection of it, what portion thereof is record proper and what matters of exception. We must decline to consider, however, the question presented by this motion, for the reason that appellants' abstract was filed in this court on February 8, 1913, and respondent's motion to dismiss was not filed until March 3, 1913, the day before the cause was set for hearing. No written objections to the abstract having been filed within ten days after the filing thereof, as required by Rule 33 of this court, the question attempted to be raised by the motion to dismiss will be regarded as having been waived.

II.   The judgment of the circuit court, affirming the judgment of the justice, shows upon its face that it was rendered for failure on the part of the defendants, appellants here, to prosecute their appeal in the circuit court from the judgment of the justice, both ''by failing to pay the filing fee required by law and failing to give the notice required by law.'' The court, however, had previously set aside an order of affirmance for failure to pay the filing fee. And in sustaining appellee's motion the court said: ''My jurisdiction is limited under the circumstances and I will affirm the judgment.'' As payment of the filing fee is in no way jurisdictional, the remarks of the court would indicate that its action was predicated upon section 7584, Revised Statutes 1909, which provides: ''If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee.''

Upon the granting of the appeal by the justice, the circuit court acquired jurisdiction over the cause. [Drake v. Gorrell, 127 Mo. App. 636, 106 S. W. 1080, and cases cited.] The service of notice of the appeal, however, was indispensable to the conferring of jurisdiction over the person of the appellee, unless waived by the voluntary appearance of the latter. [Drake v. Gorrell, supra; Rall v. Cummings, 117 Mo. App. 312, 93 S. W. 864.] That the notice was waived by appellee, by going to trial on the merits, there can be no doubt. Any act whatsoever which implies that the appellee is in the circuit court for general purposes constitutes a waiver of the notice of appeal and confers upon the court jurisdiction as to the person of appellee. [Leeper v. Carter, 137 Mo. App. 617, 119 S. W. 463; Ford v. Gray, 131 Mo. App. 240, 110 S. W. 692; Morgan v. Lumber Company, 105 Mo. App. 239, 79 S. W. 997; Payne v. Railroad, 75 Mo. App. 14;

Parmerlee v. Williams, 71 Mo. 410; Page v. Railroad, 61 Mo. 78; Deathley v. Patter, 29 Mo. App. 222; Bates v. Scott, 26 Mo. App. 428.] Manifestly the action of the trial court cannot be sustained upon the ground of the failure of appellants to give notice of the appeal. When appellee went to trial upon the merits that entire question disappeared from the case.

As to the failure of appellants to pay the filing fee for filing the transcript in the office of the clerk of the circuit court, it would appear that the trial court had previously decided that appellee was not entitled to an affirmance because of such failure. But, in any event, under the circumstances of the case, we do not think that the court's final action can be upheld on this ground. When the cause proceeded to trial upon the merits there was, as we have said, jurisdiction, both of the cause itself and of the person of the appellee. And by going to trial, the appellee must be held to have waived any defect or informality respecting the appeal, or any lack of diligence on the part of appellants in prosecuting the same. The failure to pay the filing fee has been frequently held to be a failure of the appellant to prosecute the appeal with due diligence, as required by section 7568, Revised Statutes 1909, providing that one appealing from the judgment of a justice shall enter into a recognizance conditioned to that effect (see Cabanne v. Macadaras, 91 Mo. App. 70); the right to affirmance for such failure resting to some etxent, it is said, in the sound discretion of the trial court. However, after the case had gone to trial, and appellee had introduced her evidence, and appellants were proceeding with their testimony in defense, we do not see how appellants, at that stage of the case, could be chargeable with failing to prosecute the appeal. Whatever right plaintiff may have had to challenge the action of the court more than a year before the trial, in setting aside the prior affirmance of the judgment of the justice, had been waived, by not

preserving exceptions thereto. Plaintiff cannot play fast and loose in the matter. She cannot wait until the cause has gone to trial upon the merits, and then be heard to say that appellants did not prosecute their appeal with due diligence.

For the reasons given above the judgment of the circuit court should be reversed and the cause remanded for a trial upon the merits. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.