OSCAR MEITZ, Respondent, v. GUSTAVE KOETTER, Appellant.

St. Louis Court of Appeals, November 22, 1892.

1. **Justices' Courts:** APPEALS: PAYMENT OF FILING FEE IN CITY OF ST. LOUIS. When an appeal is taken in the city of St. Louis from the judgment of a justice of the peace, the special statute requiring the payment of a filing fee as a condition to the filing of the transcript in the circuit court (2 Revised Statutes, sec. 17, p.2148) is complied with by the payment of that fee, and the docketing of the cause, on the first day of the term to which the appeal is returnable.

2. ———: PROSECUTION OF APPEALS. The provision of section 2930 of
the Revised Statutes for the affirmance of judgments of county, probate
and justices' courts, whenever appeals therefrom are not prosecuted
according to law, does not add anything to the other statutory require-
ments in regard to the prosecution of appeals from justices' courts.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

REVERSED AND REMANDED *(with directions)*.

*E. J. O'Brien* and *S. S. Merrell,* for appellant.

The only question involved in this case is whether
the court erred in holding that the notice of the appeal
was served too late. The defendant maintains that the
notice was served within the time limited, having been
served on April 17, 1891, more than ten days before
the June term of the circuit court of St. Louis city.
This court will judicially notice that the circuit court of
St. Louis city has terms beginning on the first Mondays
in February, April and June. *Hicks v. Ellis,* 65 Mo.
176, 183. This court will judicially notice that the first
Monday in February, 1891, occurred on the second day
of the month. *Mason v. Crowder,* 85 Mo. 526, 531.
Since this appeal was taken within ten days prior to the
February term, 1891, the notice of appeal was served
in time if served ten days before the June term, 1891,
which was the second term at which the case was
triable. Revised Statutes, 1889, secs. 1496, 6344;
*Davis v. Shields,* 14 Mo. App. 397.

*Virgil Rule,* for respondent.

The defendant failed to prosecute his appeal accord-
ing to law, and it thereupon became the duty of the
circuit court to affirm the judgment of the justice.
Revised Statutes, 1889, secs. 2930, 6341, p. 2148, sec.

17; *Hollman v. Railroad*, 92 Mo. 286; *Davis v. Miller*, 35 Mo. App. 255; *Martin v. White*, 11 Mo. 214; *Starr v. Stewart*, 18 Mo. 410; *Mulligan v. Dunn*, 19 Mo. 643; *State v. Thevenin*, 19 Mo. 237; *Wilson v. Ryan*, 15 Mo. App. 597; *Dowzelot v. Tillotson*, 8 Mo. App. 365; *Hardison v. Steamboat*, 13 Mo. 226.

THOMPSON, J.—This case was appealed from a justice of the peace. On motion of the appellee the circuit court affirmed the judgment of the justice, and from this judgment of affirmance the defendant appeals to this court.

The judgment of the justice was rendered on the twenty-ninth of January, 1891. On the following day, January 30, the defendant took and perfected an appeal to the circuit court. The papers were filed in the circuit court on the sixth of April, one of the days of the April term. Notice of the appeal was served on the plaintiff on the seventeenth of April. On June 1, the plaintiff filed a motion to dismiss the appeal, which motion the court took under advisement. The court intimated to the defendant that he had better prepare for trial, notwithstanding his motion, and the plaintiff thereupon issued subpœnaes for his witnesses. On June 4, the cause was continued, on the affidavit of the defendant, and at his costs to the October term. At the October term the court sustained the motion to affirm the judgment, and entered judgment accordingly.

We are unable to comprehend any theory on which this motion could properly have been sustained. The motion is based on the ground that the defendant had failed to prosecute his appeal as required by sections 6341 and 2930 of the Revised Statutes, and by section 17 of the special statute relating to the circuit court of the city of St. Louis. 2 Revised Statutes, p. 2148.

The motion also recites that the defendant failed to give proper notice of the appeal as required by section 6342 of the Revised Statutes. It concludes with this recital: "Defendant not having filed the transcript or paid the judge's fee until the first day and after the beginning of the April term, 1891, over two months after the taking of the appeal, and too late to have the case set in its regular order to be tried at the said April term, as is by said section 6341 made and provided, and said cause was not continued from said term, and the notice of appeal was not given until April 17, 1891."

It is perceived that the motion admits that the transcript was filed, and the filing fee paid, at the commencement of the April term; and we know judicially that that was the term to which the appeal was returnable. The only penalty provided by the statute for the failure to pay the filing fee is that the clerk shall not file the transcript until the fee is paid (2 Revised Statutes, p. 2148, sec. 17); and, though the failure to pay the filing fee so as to entitle the cause to be docketed will amount to a failure to prosecute the appeal, yet we are unable to see how a default can be predicated upon such a failure of the appellant, where the fee is paid and the cause docketed at the commencement of the term to which the appeal is returnable.

Next, as to notice of the appeal. This was not given until the seventeenth of April, eleven days after the transcript was filed. The statute requires the appellant to serve the appellee with this notice at least ten days before the first day of the term at which the cause is to be determined. Revised Statutes, sec. 6342. This appeal, having been taken more than ten days prior to the commencement of the April term, was determinable at that term, unless continued for cause. Revised Statutes, sec. 6341. But the statute further provides: "No appeal shall be dismissed for the want

Meitz v. Koetter.

of such notice. When, however, the appellee enters his appearance and demands trial as provided for by this section, and the appellant fails to appear, the judgment, on motion of appellee, shall be affirmed." Revised Statutes, sec. 6343. But this statute can have no application to the present case, because the appellant did not fail to appear but did appear and filed an affidavit for continuance, on which the cause was continued to the October term.

We understand counsel for the plaintiff to concede that the plaintiff was not entitled to an affirmance of the judgment, unless under the following statute: "In all cases, where an appeal from the judgment of the county court, probate court or a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed, and the costs adjudged accordingly." Revised Statutes, sec. 2930. This section is found in the chapter of the Revised Statutes relating to costs in civil cases. The phrase, "according to law," manifestly means according to the statute law governing the appeal in the particular case, and that law in the present case consists of the statutes already considered.

As there appears to be no statute authorizing an affirmance of the judgment of the justice under the circumstances disclosed by this record, we must conclude that the judgment of the circuit court was erroneous; and it is accordingly reversed and the cause remanded with directions to reinstate the cause on the docket. All the judges concur.