Jones v. Pharis.

W. P. JONES *et al.*, Respondents, v. D. P. PHARIS *et al.*, Appellants.

**St. Louis Court of Appeals, November 7, 1894.**

1. **Justices' Courts:** FILING OF APPLICATION FOR CHANGE OF VENUE: JURISDICTION. Under our present statute a justice of the peace loses the jurisdiction to try a cause pending before him, when a sufficient application for a change of venue is filed with him; accordingly a judgment rendered by him in the cause, after a refusal to grant the change of venue on such application, is void, and may be attacked collaterally.

2. ————: VOID JUDGMENT: EFFECT OF APPEAL. The fact that an appeal taken from the judgment by the defeated party is dismissed by the circuit court, does not affect the right of such party to question the validity of the judgment collaterally.

3. ————: VOID JUDGMENT IN ACTION OF UNLAWFUL DETAINER: INJUNCTION. When a judgment rendered by a justice of the peace against the defendant in an action of unlawful detainer is void, and the title to the land of which restitution is ordered is in litigation between the parties to the action, there is ground for equitable interference by injunction; and equity, when it thus interferes, will enjoin the enforcement of the judgment, not only as to the land, but also as to the recovery of monthly rents and damages.

*Appeal from the Barry Circuit Court.*—HON. LAFAYETTE BEASLEY, Special Judge.

AFFIRMED.

*T. D. Steele, W. Cloud* and *Frost & Wear* for appellants.

(1) Section 5164, Revised Statutes, does not undertake to render nugatory the acts of a justice, even where the affidavit for change of venue is properly made; for it only provides for the manner and causes, and, this chapter being a complete and separate law, it could not extend any further than the limitations of

the statute. Even though the filing of the affidavit for change of venue before the justice had the effect of divesting him of jurisdiction, yet, by taking an appeal to the circuit court, the appellants waived all errors and invalidities of the judgment of the justice; this was a submission to the jurisdiction of the circuit court. R. S. 1889, sec. 5159; *Bornschein v. Finck*, 13 Mo. App. 120; *Berkley v. Kobes*, 13 Mo. App. 502. (2) Even if the judgment is void, that fact alone would not authorize a court of equity to interpose. *Taylor v. Todd*, 48 Mo. App. 550; *Wyman v. Hardwicke*, 52 Mo. App. 621; *Railroad v. Reynolds,* 89 Mo. 146; *Russell v. Interstate Lumber Co.*, 112 Mo. 44; 1 Black on Judgments, secs. 361 and 363. (3) All errors are released and cured by proceedings to enjoin a judgment. R. S. 1889. sec. 5497; *Hazeltine v. Reusch*, 51 Mo. 50.

*N. Gibbs, T. M. Allen, George & Landis* and *H. C. Pepper* for respondents.

(1) The judgment of the justice is void. The filing of the affidavit with the justice, under the statute as amended in 1889, divested him of jurisdiction to render judgment. A justice of the peace, after an an affidavit for a change of venue is filed, has no further jurisdiction in the cause, except to grant a change of venue. R. S. 1889, sec. 6241. If the judgment of the justice is void, appealing the case to the circuit court, taking the change of venue, and finally dismissing the appeal, did not render the judgment of the justice valid. When the case was dismissed in the circuit court, the judgment of the justice stood as if no appeal had been taken. *Barns v. Holland*, 3 Mo. 47; *City of St. Louis v. Bird*, 31 Mo. 88. (2) The execution of a void judgment of a justice of the peace will be

restrained by injunction. *Bornschein v. Finck*, 13 Mo. App. 120; *Clarkson v. Guernsey Furniture Co.*, 22 Mo. App. 109; *Ins. Co. v. Resinger*, 43 Mo. App. 571. In order to invoke the remedy of injunction in this state, it is not essential that the injury threatened shall be irreparable, or to allege or prove that the defendant is insolvent. *Harris v. Township Board*, 22 Mo. App. 462; *State Savings Bank v. Kercheval*, 65 Mo. 682; *McPike v. West*, 79 Mo. 199; *Sedalia Brewing Co. v. Sedalia Waterworks Co.*, 34 Mo. App. 49; *Bassett v. Henry*, 34 Mo. App. 548.

BIGGS, J.—This is a proceeding in equity to enjoin the enforcement of an execution, issued on a judgment rendered by a justice of the peace in an action of unlawful detainer. The judgment was against the respondents herein, and in favor of the appellant Pharis. An execution in the ordinary form was issued on the judgment, and the constable (who is a defendant) levied upon the personal property of the respondents to satisfy the costs and damages assessed, and he was also threatening to further execute the writ by removing their tenants from the premises. The chief ground alleged for the equitable interposition of the court is that the judgment of the justice is void. On the final hearing, the circuit court made the injunction perpetual, and the defendants appealed.

The facts developed at the trial are these: In 1891, the appellant Pharis instituted a suit of unlawful detainer against the respondents to recover the possession of certain real estate in Barry county. On the day set for the trial of the cause, the respondents appeared before the justice and presented to him a written application for a change of venue, which was in due form, and properly verified. The justice refused to file the application, and proceeded to try the case.

Jones v. Pharis.

The respondents thereupon refused to appear further to the action. Upon the evidence offered by Pharis, the justice rendered judgment in his favor for the restitution of the premises, and also a judgment for $200 damages and costs of suit. Within ten days thereafter the respondents prayed for, and were granted, an appeal to the circuit court of Barry county. At the first term of the latter court thereafter, to wit, at the October term, 1891, on application of the respondents, the venue of the cause was changed to the circuit court of Jasper county. At the December term, 1892, of the last mentioned court, Pharis appeared and filed a motion to *dismiss the appeal*, because the respondents had failed to give him notice of the appeal, and in other respects had failed to prosecute their appeal as required by law. The court sustained the motion, and dismissed the appeal. Afterwards Pharis filed with the justice rendering the judgment a copy of the proceedings of the Jasper county circuit court, and thereupon, at the request of Pharis, the execution, which is here enjoined, was issued by the justice. It also appeared in evidence that the original papers in the unlawful detainer case were lost or misplaced, and that, for this reason, the clerk of the circuit court of Barry county had not transmitted the transcript and and papers to the clerk of the Jasper county circuit court. We make no reference to other phases of the case as presented by the evidence, for we deem them of no consequence.

It is urged by the appellants that the judgment of the justice is voidable only, and consequently is not subject to attack in a collateral proceeding; and that, even though it be void, injunction is not the proper remedy.

We think it quite clear that the original judgment is void. The presentation of the application for change

of venue, which was admittedly in due form, deprived the justice of further jurisdiction, except to make the necessary order for the change. This is the plain letter of the present statute of the subject. It reads: "Upon the filing of the affidavit in due time, the justice must allow the change of venue and note the fact in his docket, and immediately transmit all the original papers and a transcript of all his docket entries in the cause to some convenient justice in the township, if there be one, unless the party asking for a change of venue shall, in his affidavit, state that the other justice in the township is a material witness for him, without whose testimony he can not safely proceed to trial, or that he is near of kin to either party, stating in what degree, or that he can not have a fair and impartial trial before such justice, or if there be no justice in the township, in which case, then to a justice in some other township in the county, or, if the change be allowed on account of the bias or prejudice of the inhabitants of the township, then to a justice in some other township in the county: *Provided*, that when such affidavit for a change of venue shall be filed, the justice shall have no further jurisdiction in the cause, except to grant such change of venue." Sec. 6241, R. S. 1889. The section as it now reads was enacted in 1887 (Session Acts, 1887, p. 208). It amended the then existing law (section 2953, Revised Statutes, 1879), in several particulars. The important change was the addition of the proviso. Prior to this amendment the supreme court in construing section 2953, *supra*, had ruled that a judgment, rendered by a justice after an application for a change of venue had been filed, was voidable only, and could not be questioned in a collateral proceeding. *State ex rel. v. Six*, 80 Mo. 61; *Colvin v. Six*, 79 Mo. 198. These decisions doubtless induced the legislature to amend the statute.

Nor do we think that the appeal and its subsequent dismissal in any way helped out the void proceedings of the justice. The effect of an appeal from a justice's judgment is to vacate the judgment, except when the appeal is dismissed. *Earl v. Hart*, 89 Mo. 263. The effect of a dismissal is simply to reinstate the judgment of the justice. As the justice had no jurisdiction to render the judgment, its reinstatement goes for nothing.

In this connection it may be stated that the respondents, in presenting their application for a change of venue, did all that the law required of them, and the failure or refusal of the justice to file it could in no way prejudice their rights. The further fact that the application disqualified all other justices in the county, except one, is also a matter of no consequence in the present inquiry.

Is injunction the proper remedy? In the case of *St. Louis & San Francisco R'y Co. v. Lowder, ante,* page 3, plaintiff sought to enjoin the sale of personal property which was about to be sold under an execution issued on a void judgment of a justice. On the authority of the case of *Railroad v. Reynolds,* 89 Mo. 146 (in which a like state of facts was presented), we decided that injunction was not the proper remedy, for the reason that the plaintiff had an adequate remedy at law. However, we reviewed the cases bearing directly and indirectly on the subject, and concluded that, as the conflict in the decision, both in this court and the supreme court, was so radical, the case ought to be certified to the supreme court, which was done. In the case at bar, an additional feature is presented. The constable had not only levied upon and advertised for sale the personal property of the respondents, but in the further execution of the process he was threatening, and it was his duty, to oust the respondents from the possession of

the real estate.   It was developed on the trial that the real ownership of the land is in dispute, and that Pharis had instituted ejectment suits against the respondents to recover the possession.   Now, if Pharis is allowed to reap the fruits of his illegal judgment in the unlawful detainer suit, the respondents will be deprived of the legal advantage which their possession gives them, for the loss of which the law would afford them no reparation, and it might ultimately result in the loss of the land to them.   To guard them against such possible mischief and injustice, a court of equity ought to interfere.   *Damschroeder v. Thias*, 51 Mo. 100.

If, in the present case, the court had the right to restrain the execution of the writ as to the land, such jurisdiction necessarily included the right to restrain the sale of the personalty, upon the principle that, when a court of equity once acquires jurisdiction of a cause, it will not stop short of complete relief.

Nor do we think that equitable relief should be denied to the respondents merely because they failed to prosecute their appeal.   They had the right of appeal, but, as the judgment was void, this was not their only remedy.

With the concurrence of the other judges the judgment of the circuit will be affirmed.   It is so ordered.