# MARTHA K. O'REILLY, Respondent, v. HENSON & ALLEN, Appellants.

### Kansas City Court of Appeals, January 5, 1903.

1. **Justices' Courts: CHANGE OF VENUE: JURISDICTION: STATUTORY CONSTRUCTION.** Under section 3973, Revised Statutes 1899, a justice of the peace has no further jurisdiction of a cause on the filing of a proper application for a change of venue, except to grant such change.

2. ——: ——: ——: ——: WAIVER. After the filing of an application for a change of venue and its refusal, the defendant may abandon the cause or he may continue to take part in the trial and defend himself, and such conduct will not waive his objection to the jurisdiction as long as the application is not withdrawn.

3. **Appellate Practice: RESTITUTION: JURISDICTION.** An appellate tribunal, invested with authority to reverse, annul or revise judgments, has authority to restore parties to the *status quo* before the annulled judgment and on application should do so; and the fact that the courts below and the appellate court may have had no jurisdiction of the matter involved can not defeat the power to order restitution.

Appeal from Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED *(with directions)*.

*B. R. Martin* and *W. C. Ellison* for appellants.

Filed lengthy argument.

*Alderman & Cummins, C. A. Anthony* and *J. L. Funk* for respondent.

(1)   When defendants' motion for change of venue was overruled, the defendants "by agreement" submitted the case to the justice, took part in the trial and as the "complaint" is admitted sufficient, the justice had

jurisdiction of the subject-matter, and of the person by voluntary appearance. They could not submit to the jurisdiction—if results were favorable, hold—if unfavorable, cry want of jurisdiction. Benswick v. Cook, 110 Mo. 182; Baker v. Railroad, 107 Mo. 239; Orear v. Clough, 52 Mo. 57; Carter v. Wamack, 64 Mo. App. 341; Baisley v. Baisley, 113 Mo. 551; Tower v. Moore, 62 Mo. 120; Kronski v. Railroad, 77 Mo. 368; Blackwood v. Jones, 27 Wis. 498; Griffin v. Van Meter, 53 Mo. 430; Blackwood v. Jones, 27 Wis. 500-1; State v. Hoffman, 75 Mo. App. 385; Jones v. Pharis, 59 Mo. App. 264; Endicott v. Hall, 61 Mo. App. 186.

ELLISON, J.—Plaintiff begun an action of unlawful detainer before a justice of the peace. On the day set for trial the parties appeared and defendants filed an application for change of venue on account of the prejudice of the justice. This application was overruled. Defendants thereupon asked a continuance grounded on the statement that they had expected the venue to be changed. The continuance was refused and the trial was proceeded with, the defendants taking part therein. No further reference to the application for change of venue was made by either of the parties. Judgment was rendered for plaintiff and defendants appealed to the circuit court. The cause coming up in the latter court a day was agreed upon for trial. At the beginning of the trial the defendants objected to the introduction of any evidence by plaintiff on the ground that the court had no jurisdiction. The objection was overruled, and the trial proceeded to judgment for plaintiff, the defendants participating therein. They then duly appealed to this court.

Since the circuit court could only obtain jurisdiction through the justice of the peace, the question presented is, had the justice jurisdiction of the cause? The statute relating to changes of venue is that they must be granted on affidavit for certain enumerated causes; and by an amendment it reads, ''that when such affidavit for a change of venue shall be filed, the justice shall have

no further jurisdiction in the cause, except to grant such change of venue.'' Sec. 3973, R. S. 1899. It is plain that the mere application, in due form, ousts the justice of jurisdiction of the case. State ex rel. v. McCracken, 60 Mo. App. 655; Jones v. Pharis, 59 Mo. App. 254. We do not understand plaintiff to deny this; but her insistence is, that defendants waived the question of jurisdiction by taking part in the trial before the justice and in the circuit court. Defendants did not waive jurisdiction unless they waived the application: for as long as the application stands, jurisdiction, under the terms of this statute, is necessarily ousted. It had always been held in this State, prior to the amendment, that taking part in the trial was not an abandonment of a prior application for change of venue. Colvin v. Six, 79 Mo. 198; State ex rel. v. Six, 80 Mo. 61. The party desiring the change could proceed with the trial and, if defeated, could appeal and reverse the judgment made erroneous by the wrongful refusal of his application. The only difference made by the statute aforesaid is that a judgment rendered after a wrongful refusal is not merely erroneous, but void, for want of jurisdiction in the court. Prior to the amendment to the statute, if a party's application was overruled he was compelled to go to trial or appeal, else the judgment would be binding upon him. Now he is not compelled to do either in order to protect himself, since the judgment would be void, but neither is he compelled to abandon the case. There is no inconsistency in taking part in the trial and at the same time insisting that he should have been granted a change of venue.

A proper application for removal of a cause from a State to a Federal court ousts the former court of jurisdiction and renders any further acts of that court *coram non judice.* Yet the Supreme Court of this State, and the Federal courts, hold that taking part in the trial after a refusal to order the removal by the trial court is not a waiver. Herryford v. Insurance Co., 42 Mo. 149; Stanley v. Railroad, 62 Mo. 508; Railroad v. Ford, 35 Fed. Rep. 170.

We therefore rule that an appearance and taking part in the trial after an application for change of venue has been overruled, is not a waiver of the application and does not reconfer jurisdiction of the cause.

It appears that a writ for the possession of the premises was issued in plaintiff's behalf, returnable to the next term of the trial court, though it does not appear whether it has been executed. It is one of the powers of an appellate tribunal invested with authority to reverse, annul or revise judgments, to restore parties to the *status quo* before the judgment. They may, therefore, and should, on application to that effect, render judgment for the restitution of the property. 18 Ency. Plead. and Prac., 889, and authorities there collected.

It is no objection to an order of restitution that the court trying the cause had no jurisdiction. The court, in common justice, should, and does retain the power to undo what it wrongfully did, i. e., by restoring the parties to their situation before the wrongful interference. Northwestern Fuel Co. v. Brock, 139 U. S. 216.

The judgment of the trial court will therefore be reversed and judgment entered here that defendants have restitution of the premises and for all costs by them expended; including $20.40 for printing abstract. The other judges concur.