ROBERT B. MUNROE and J. L. HORNSBY, Administrators, Respondents, v. JAMES P. DOUGHERTY et al, Appellants.

St. Louis Court of Appeals. Submitted on Briefs, November 16, 1916.
Opinion Filed December 30, 1916.

1. **JUDGMENTS: Appeal from Justice's Court: Failure of Defendant to Appear: Nature of Judgment.** A judgment rendered against the defendant by the circuit court, in a case appealed by defendant from a justice's court, upon evidence adduced by plaintiff, defendant failing to appear at the trial, was not a "default judgment."

2. ————: ————: **Requisites of Motion to Vacate Judgment.** In order for the circuit court to set aside, on motion, a judgment rendered against the defendant, in a case appealed by him from a justice's court, defendant having failed to appear at the trial, it is necessary that the motion show that defendant had good reason for failing to appear and that he had a meritorious defense.

3. **APPELLATE PRACTICE: Proceeding to Vacate Judgment: Discretion of Trial Court: Review.** The right to set aside a judgment rendered by the circuit court against the defendant, in a case appealed by him from a justice's court, defendant having failed to appear at the trial, rests largely in the discretion of the circuit court, and the appellate court will interfere only where it clearly appears that such discretion has been abused.

4. **JUDGMENTS: Proceedings to Vacate: Sufficiency of Motion.** Defendant failed to appear in the circuit court, at the trial of a case which he had appealed from a justice's court, and the court, after hearing evidence, rendered judgment against him. He moved to

set aside this judgment, setting up as a reason for his failure to appear at the trial, that he had employed, or believed he had employed, a certain named attorney to represent him, but that said attorney did not understand that he was so employed. *Held*, that the motion was insufficient, for if defendant did employ the attorney, his neglect would be defendant's neglect, and, in order to excuse defendant's default on the ground he "believed" he had employed the attorney, it was necessary that the motion show the *facts* upon which such belief was predicated, so that the court could determine whether or not such belief was justified.

5. ——: ——: ——. A motion to vacate a judgment must set out facts; conclusions being insufficient.

6. ——: ——: Misunderstanding Concerning Employment of Attorney. A defendant cannot ordinarily procure the vacation of a judgment against him, on the ground of a mistaken belief that he has obtained an attorney to protect his interests, but he must see to it that the attorney understands and accepts the retainer; otherwise his failure to personally see to the case is inexcusable.

7. **ATTORNEY AND CLIENT:** Neglect of Attorney. The neglect of an attorney to look after a case is chargeable to his client.

7. **JUSTICES' COURTS:** Failure to Give Notice of Appeal: Trial De Novo: Rights of Appellee. Sec. 7584, R. S. 1909, providing that, where one appealing from a justice's court fails to give notice of appeal at least ten days before the second term of the circuit court after the appeal is taken, the judgment shall be affirmed or the appeal dismissed, at the option of the appellee, does not deprive the appellee of the right to waive the notice of appeal and enter his appearance in the circuit court and to have the cause tried *de novo*, pursuant to Sec. 7579, since the purpose of serving notice of appeal is to confer jurisdiction on the circuit court over the person of the appellee, and such jurisdiction is given by waiver of notice and entry of appearance by the appellee.

Appeal from St. Louis City Circuit Court—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*W. G. Carpenter* for appellants.

(1) Mere forgetfulness of the party or his attorney will not excuse him. But misunderstanding or mistake undoubtedly will. It is a case of an honest mistake of fact. Parks v. Coyne, 156 Mo. App. 395; Barto v. Electric Co., 119 Iowa, 179; Davis v. Carp, 139 Mo.

App. 650; Realty Co. v. Timmerberg, 178 Mo. App. 655; Breed v. Hobard, 187 Mo. 140. (2) Appellate courts favor a trial on the merits of the case and are more inclined to interfere with the discretion of the court where this is refused. Realty Co. v. Timmerberg, 178 Mo. App. 659. (3) Each case must be determined from the circumstances surrounding it and cannot be governed by settled rules of law. Parks v. Coyne, 156 Mo. App. 391; Perry v. Stone Co., 173 Mo. App. 418.

*Adrian Steel* for respondents.

(1) The judgment rendered by the circuit court in the case at bar is not a judgment of *nil dicit* or by default, but is a judgment rendered upon a regular setting of the case upon a trial at which plaintiff appeared but defendants failed to appear, and consequently no interlocutory judgment against defendants could be or was rendered. 23 Cyc. 734, n. 48; 23 Cyc. 743, n. 14. (2) If this were a judgment by default, as claimed by appellant, a motion to set aside the same after final judgment is not the proper procedure. Sec. 2101, R. S. 1909; Matthews v. Cook, 35 Mo. 286; Burnes v. Burnes, 61 Mo. App. 612; Billingham v. Miller, 115 Mo. App. 154. (3) The appellants are not entitled to relief on the ground of mistake in the employment of an attorney because they have not shown any diligence in looking after their interests. Colter v. Luke, 129 Mo. App. 707; Hoffman v. Loudon, 96 Mo. App. 184; 23 Cyc, 934; Parks v. Coyne, 156 Mo. App. 391 (and cases cited); Squiers v. Bird, 22 Mo. 470; Nordmauser v. Hitchcock, 40 Mo. 178.

THOMPSON, J.—This was an action on a promissory note brought by O. M. Munroe against the defendants. The plaintiff had judgment in the circuit court, and upon motion to set aside said judgment being overruled, defendants appealed.

The note sued on is in words and figures as follows:

"$16 (Red)

$385                    "Fenton, Mo. Sept. 22, 1904.

$401 (Red)

"Six months after date I promise to pay to O. M. Munroe of Jefferson County Bank of De Soto, Mo., or order, three hundred eighty-five dollars, for value received, with interest from date at the rate of eight per centum per annum until paid, and I agree to pay same at Jefferson County Bank of De Soto, Mo.

"Principal: JAMES P. DOUGHERTY,

"Securities: C. DOUGHERTY,

"E. J. DOUGHERTY."

This suit was instituted on the above promissory note before a justice's court in St. Louis, Missouri, and judgment was rendered in said court in favor of the plaintiff and against all of the defendants, on October 6, 1913, at which time all of the defendants appeared in person and by their attorney. Thereafter, on the 15th day of October, 1913, all of the defendants took an appeal to the circuit court of St. Louis, having filed proper affidavit and appeal bond, and thereafter, on the 29th day of November, the defendants paid the docket fee of the circuit court of St. Louis, and duly filed therein a transcript of all the proceedings before the justice's court, and the said cause was duly assigned to division 6 of the said circuit court. Thereafter, on April 20, 1914, the case was called for trial in division 6 of the circuit court of St. Louis. The plaintiff was present and ready for trial, but the defendants did not appear, although called; whereupon plaintiff, waiving a jury, submitted his case to the court, introduced his evidence and proofs, and the court having heard and duly considered the same, found in favor of the plaintiff and against the defendants, and rendered a judgment against the defendants in the sum of $531.30.

Thereafter, on the 21st day of May, 1914, and at the same term of court at which the above-named judgment was entered—that is, the April term, 1914, the separate motion of James P. Dougherty was filed

to set aside said judgment, and on the same day the joint motion of Cornelius and E. J. Dougherty was likewise filed to set aside the said judgment. Both of these motions were passed to the June term, 1914, and on June 5th both of said motions were overruled. The defendants have perfected their appeal to this court, and since that time the original plaintiff, O. M. Munroe, died, and this action has been revived by consent of the parties in the name of Robert B. Munroe and J. L. Hornsby, his administrators. The said motion of the defendant, James P. Dougherty, to set aside the judgment was as follows:

"Comes now James P. Dougherty and for his separate motion to set aside a default judgment heretofore granted in this case on April 20, 1914, respectfully shows to the court that he had no notice or knowledge of the setting of this case on the said April 20, 1914, or any other such time.

"That he employed or believed he employed W. G. Carpenter as his attorney to look after and take charge of the said case, for him to appear therein and act as attorney, and to represent him in said cause, but the said W. G. Carpenter did not so understand that he was so employed, hence failed to look after the matter and the said cause was not properly cared for on his part.

"That the said James P. Dougherty so filing this motion appealed from the judgment of the justice of the peace against him as rendered on the sixth day of October, 1913, for four hundred and forty-two dollars and twenty cents because he believed he had a just and meritorious defense to said cause of action, in that he has records of payments made on the said note which go to reduce the amount from the amount of the judgment so rendered against him and your petitioner herein respectfully represents to the court that the judgment as rendered herein against him for five hundred and thirty-one dollars and thirty cents ($531.30), being eighty-nine dollars and ten cents ($89.10) greater than the judgment rendered against him in the justice's

court, has deprived him of still further and additional credits which should be applied upon the said note as herein filed; that your petitioner has book records of the payments which should be so applied on the said note and none of which are herein credited; all of which are good and valid matters of defense of which petitioner should not be deprived; and your petitioner further respectfully shows that the judgment as rendered by the court upon his failure to appear, his course of action should have been to dismiss the appeal or affirm the judgment of the justice's court, that this court has no right of jurisdiction to hear anew. This course of action to make another or different finding from the justice's court on default of its appellate worth.

"Petitioner prays that the said default judgment so granted be set aside and defendant granted a new trial herein.

"JAMES P. DOUGHERTY.

"State of Missouri,  ⎫
City of St. Louis.  ⎬ ss
                    ⎭

"Subscribed and sworn to before me this 18th day of May, 1914.

(Seal)                    "W. G. CARPENTER,
                              "Notary Public."

The joint motion of E. J. and Cornelius Dougherty to set aside the judgment was as follows:

"Comes now Cornelius Dougherty and E. J. Dougherty, defendants in the above-styled cause, and implore the court to set aside the default judgment granted against them on April 20, 1914, for the following reasons, to-wit:

."The said petitioners herein had no knowledge or notice of the setting of this said case or the trial of same, but understood that they had employed an attorney, W. G. Carpenter, to appear for them, look after and take care of their interests in said cause, but the said W. G. Carpenter did not so understand said employment, did not understand that he was to take care

of their interests and so did not give proper attention to the case and the same was called and heard without any notice or knowledge of these defendants.

"That these defendants have a good and valid defense to the claim of plaintiff in the following manner, to-wit: That said note which is the basis of this action they had signed as suretites for defendant James P. Dougherty, which note was made and executed on the 22nd day of September, 1904, and was to become due six months after date. That the said note has, without their consent and without their knowledge, received many and various extensions thereon, at many and various times since the said September 22, 1904, and at no time were they ever consulted nor did they ever give their consent to such extensions, but at all times they refused to consent because at that time the principal of said note, James P. Dougherty, could have paid same.

"That the said extensions have operated against these petitioners and they should not now be held liable on said note; further, your petitioners respectfully state that the judgment as rendered in this cause on April 20, 1914, has failed to give the proper and necessary credits which should be applied upon said note; that the amount so rendered is larger than is now due or owing on said note, and that book entries of other payments on said note are available to be used as evidence. Further, these petitioners show the court that they are appellants in this cause, having appealed from the judgment of the justice rendered on the sixth day of October, 1913, which said judgment as rendered against them was for the amount of four hundred and forty-two dollars and twenty cents; that the judgment as rendered by this court on April 20, 1914, for five hundred and thirty-one dollars and thirty cents is another and different judgment from that rendered by the justice; that this court has no right of jurisdiction under the statutes of the state of Missouri, where default is made by appellant, to do other than affirm the judgment of the justice or dismiss the appeal.

"Wherefore, petitioners herein pray that the said judgment by default be set aside and that they be granted a hearing in this cause.

"C. DOUGHERTY.

"State of Missouri, ⎰
City of St. Louis.  ⎱ ss

"C. Dougherty, being duly sworn, upon his oath states that the facts and matters set forth in the foregoing are true to the best of his information and belief.

"C. DOUGHERTY.

"Subscribed and sworn to before me this 18th day of May, 1914.

(Seal)                    "W. G. CARPENTER,
                            "Notary Public."

It is contended by the defendants that the lower court ought to have set aside the judgment rendered by it on the ground that the same was due to a mistake in defendants believing that they had employed counsel and in counsel believing that he had not been employed, and that all of the defendants had good and valid defenses to the note sued on, and that the court, in overruling said motion, abused its discretion. The defendants further contend that the circuit court was not warranted in hearing the case and rendering a judgment upon the failure of the defendants to appear, but ought simply to have dismissed the appeal or affirmed the justice's judgment, it appearing that the judgment of the circuit court was some $89.10 more than the judgment procured by the plaintiff in the justice's court.

The defendants have presented the case in this court as if the judgment, of which they complain, was a default judgment. Strictly speaking, the judgment rendered in the circuit court on April 20, 1914, was not a default judgment. [Armstrong v. Elrick, 177 Mo. App. 640, 160 S. W. 1019; Halsey v. Meinrath, 54 Mo. App. 335.] While the judgment is not a default judgment, the defendants defaulted in appearance

to the trial. In order for the trial court to set aside such judgment, upon motion, it was necessary for defendants to show: First, that they had good reason for failing to appear at the time judgment was rendered; and second, that they had meritorious defenses; and the matter is largely in the discretion of the trial court, and this court can interfere only where it clearly appears that the trial court has abused its discretion.

In Parks v. Coyne, 156 Mo. App. l. c. 391, 137 S. W. 335; it is said:

"The authorities in this State are unanimous that in order to justify a trial court in setting aside a judgment by default, the defendant must show (1) that he has good reason for the default, and (2) that he has a meritorious defense, and that both these things must appear so clearly as to make it manifest that the refusal of the trial court was arbitrary. [Robyn v. Publishing Company, 127 Mo. l. c. 390, 391, 30 S. W. 130; and case cited; Hoffman v. Loudon, 96 Mo. App. l. c. 189, 70 S. W. 162; Welch v. Mastin, 98, Mo. App. l. c. 277, 71 S. W. 109; Hart v. Handlin, 43 Mo. l. c. 171; Florez v. Uhrig's Adm'r., 35 Mo. l. c. 519.]"

In examining the defenses set forth in the motion of the defendants, we believe that some of them at least were meritorious. Certainly the defense that more had been paid upon the note than appeared from the indorsement thereon was a valid and meritorious one. Even though the plaintiff has died since the trial of this case, and the defendants would be incompetent to testify, as argued by plaintiff, it would not necessarily be impossible for the defendants to prove further payment upon the note in suit by other witnesses or other competent testimony. But, after much consideration, this court has reached the conclusion that it is unable to say that the trial court abused its discretion when it failed to set aside the judgment, because it does not fully and plainly appear that the defendants were warranted in believing that they had employed counsel to look after their interest, and it does not

fully and clearly appear that defendants had good reason for not appearing at the trial.

The motion of each of the defendants, as set out heretofore, simply states that they employed or believed they employed W. G. Carpenter as their attorney to represent them, but that he, W. G. Carpenter, did not so understand that he was employed. No evidence was offered to the trial court on the subject, or, at any rate, none is preserved in the record. If, as a matter of fact, the defendants had employed an attorney, and he had neglected to look after the case, his neglect would have been their neglect. [Welch v. Mastin, 98 Mo. App. 277, 71 S. W. 109; Robyn v. Publishing Company, 127 Mo. l. c. 391, 30 S. W. 130; Gehrke v. Jod, 59 Mo. 522.] The motion states that the defendants believed or understood that they had employed Mr. Carpenter to look after their interest in said cause, but the defendants do not claim, either in their motion or elsewhere, that they had ever spoken with Mr. Carpenter with reference to representing them in this litigation; they do not state that they had retained him as their attorney; they do not state any facts in their motion or elsewhere in the record by which it could be determined that they were reasonable in their belief, or had reasonable grounds to believe that they had in fact consummated an arrangement by which Mr. Carpenter was to represent them. While the fact does not appear of record, Mr. Carpenter in his argument filed in this case, states that he did not represent the defendants in the justice's court, but that they were represented in the justice's court by other counsel. The facts upon which they based their belief that they were represented by Mr. Carpenter are not set forth, and they ought to have been plainly and fully set forth, we believe, in order that the trial court could determine whether they were justified in believing that they had retained Mr. Carpenter. Knowing Mr. Carpenter, as we do, to be a reputable lawyer of the St. Louis Bar, and it appearing that he, a lawyer, did not believe that he represented the defendants or was retained

by them, we are the more inclined to believe that the facts, if they had been set forth, would possibly not warrant the defendants in believing that they had retained or employed Mr. Carpenter to look after their interests. It must clearly appear from the facts that the trial court abused its discretion in this class of cases. In the case of Muth Realty Company v. John C. Timmerberg, 178 Mo. App. 654, 161 S. W. 589, it was held that, where a defendant sought to set aside a judgment rendered in his absence, it was not sufficient for him to simply allege that he had a good and meritorious defense, but that he must set forth all the facts showing that he had a good and meritorious defense.

We believe, therefore, that, before we could say that the lower court abused its discretion in failing to set aside the judgment, the facts ought to have appeared, either in the motion or in the evidence, which would have disclosed that the defendants really were warranted in believing that they had employed or retained Mr. Carpenter. Especially is this true, as indicated above, when it appears from their own motion and affidavit that Mr. Carpenter did not believe that he was so retained or employed.

Especially, also, should all of the facts have been set up, in view of what is said in 23 Cyc., 934 and cases cited thereunder, where the following rule is announced:

"A defendant cannot ordinarily procure the setting aside of a judgment against him on the ground of his mistaken belief that he has obtained an attorney to protect his interests; he must see to it that the attorney understands and accepts the retainer; otherwise, his failure to see personally himself to the case is inexcusable." See, also, the following cases: Howell v. Glover, 65 Ga. 466; Finlayson v. American Acc. Company, 109 N. C. 196; Davis v. Darling, 20 Texas, 803.

It is further contended by the defendants that, upon their failure to appear in the circuit court, the court ought to have either dismissed their appeal or to have affirmed the judgment of the justice's court: We can-

not agree with this contention. When the defendant's appealed from the justice's court and paid the filing fee in the circuit court, the circuit court then had jurisdiction of the cause and of the defendants, and when, thereafter, the plaintiff came into court, at the time of the setting of the case, the court had full jurisdiction over the subject matter and over all the parties. Upon the defendants failing to appear when the case was called, it was not only proper, but it was the duty of the court, to proceed to hear the evidence of the plaintiff, and to render judgment thereon.

The statute (section 7579, R. S. 1909) provides:

"Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof, or on the trial, judgment or other proceedings of the justice or constable in relation to the cause."

It is true that section 7584, Revised Statutes 1909, provides that, where appellant fails to give notice of appeal at least ten days before the second term of the appellate court after the appeal is taken, the judgment should be affirmed or the appeal dismissed at the option of the appellee. But this statute is not intended to deprive, and does not deprive, the appellee of the opportunity, if he sees fit, to waive notice of appeal and enter his appearance in the circuit court, and of having the cause tried *de novo*. The purpose of serving notice of appeal upon the appellee is to confer jurisdiction on the circuit court over the person of the appellee, and if such jurisdiction is given by waiver of notice and entry of appearance on the part of the appellee, then the court has the same right to try the case *de novo* as it has to try any case of which it has original jurisdiction and in which all the parties are before the court.

In Bartschat v. Downey, 172 Mo. App. l. c. 636, 155 S. W. 880, Judge ALLEN, speaking for this court, said:

"The service of notice of the appeal, however, was indispensable to the conferring of jurisdiction over the person of the appellee, unless waived by the voluntary appearance of the latter. [Drake v. Gorrell, supra; Rall. v. Cummings, 117 Mo. App. 312, 93. S. W. 864.] That the notice was waived by appellee, by going to trial on the merits, there can be no doubt. Any act whatsoever which implies that the appellee is in the circuit court for general purposes constitutes a waiver of the notice of appeal and confers upon the court jurisdiction as to the person of appellee. [Lecper v. Carter, 137 Mo. App. 617, 119 S. W. 463; Ford v. Gray, 131 Mo. App. 240, 110 S. W. 692; Morgan v. Lumber Company, 105 Mo. App. 239, 79 S. W. 997; Payne v. Railroad, 75 Mo. App. 14; Parmerlee v. Williams, 71 Mo. 410; Page v. Railroad, 61 Mo. 78; Deathley v. Patter, 29 Mo. App. 222; Bates v. Scott, 26 Mo. App. 428.]"

In Wolf v. Coffin, 46 Mo. App. 190, a case which originated in a justice's court and was appealed to the circuit court, and in which no notice of appeal was given and no general entry of appearance made by plaintiff, the appellee, who appeared only for the purpose of filing a motion for affirmance of the judgment, the Supreme Court held that the judgment of the justice should be affirmed "if the appellee so elect. The duty to affirm the judgment under such circumstances is mandatory on the circuit court. It has no discretion but to enforce the statute. In the absence of such notice, and the appellee's failure or refusal to enter his appearance to the cause in the appellate court, the circuit court has no jurisdiction to enter any other judgment than that of affirmance or dismissal of appeal at the option of the appellee."

In Daugherty v. Perky, 177 S. W. 786, a case originating in a justice's court, and appealed to the

circuit court, and later to the Kansas City Court of Appeals, the latter court, in its opinion, says:

"The giving of such notice [of appeal] is jurisdictional. The notice is analogous to a summons—is a statutory means by which the appellee is called upon to appear in the circuit court and submit himself to its jurisdiction. That court becomes possessed of jurisdiction over the cause by the filing of the transcript and papers by the justice, but acquires jurisdiction over the person of the appellee by the service of notice of appeal. Though jurisdiction of the cause has been lodged in the circuit court, jurisdiction of the person of the appellee must be obtained, either by service of the statutory notice or by his voluntary appearance in court."

Munley v. King, 40 Mo. App. 531, was a suit in replevin instituted before a justice of the peace and subsequently appealed to the circuit court, where the defendant, appellant, offered to dismiss his appeal but the court refused to permit this. When the case was called for trial, defendant declined further action and the court proceeded to hear testimony concerning the value of the property detained by defendant and damages sustained by plaintiff, and thereafter rendered judgment ordering defendant to return the property to plaintiff or that the latter have judgment against defendant for the value of the property as ascertained by the court. Defendant thereupon appealed to the Court of Appeals, insisting that the circuit court, in case that defendant declined to prosecute his appeal, could only render a judgment affirming the judgment of the justice and that the circuit court erred in hearing evidence as to the value of the property, and based his position on the section of the statute numbered 2273, Revised Statutes 1909, which is found in the General Code under the title of "Costs" and is as follows: "In all cases where an appeal from the judgment of the county court, probate court, or justice of the peace is not prosecuted by the appellant according to law, the judgment should be affirmed and the costs

adjudged accordingly." The Court of Appeals discusses this section of the statute and concludes by saying (p. 535): "If the appellant in such case fails to prosecute the appeal according to law, then it would be the duty of the circuit court to make such judgment in the case as the law requires," thus holding that the circuit court is not limited to an affirmance of the judgment of the justice, where it has jurisdiction both of the cause and of the parties thereto.

To the same effect is the case of Carroll v. Hancock, 57 Mo. App. 228; and in Meitz v. Koetter, 51 Mo. App. 370, this court. holds that the provision of the section now numbered 2273, Revised Statutes 1909, does not add anything to the statutory requirements in regard to the prosecution of appeals from justice's courts, the court saying that the phrase "according to law" in the statute manifestly means according to the statute law governing the appeal in the particular case.

In Riddle v. Gillespie, 67 Mo. 627, where the appellant had failed to give notice of his appeal from the judgment of the justice in due time, the Supreme Court held that the appellee had the right, if he saw fit, instead of taking an affirmance of the justice's judgment, to have the cause tried in the circuit court.

It is clear, therefore, from the foregoing authorities, that in case of appeal from a justice's court to the circuit court, when no notice of appeal is given by the appellant to the appellee, the latter has the right to demand an affirmance of the judgment of the justice or a dismissal of the appeal, if he sees fit to move therefor, but when the appellee voluntarily enters his appearance in the circuit court, the cause is then before the court and it has the power, under the statute, to try the case *de novo* and render such judgment as it may see fit.

In the case at bar, the appellee, when the case was called for trial in its regular order on the trial docket, announced himself ready, and thereby entered his appearance generally in the cause, and the circuit court

thereupon became possessed of full jurisdiction of the cause and the parties thereto, plaintiff and defendants, and had the right, as it did, to proceed to hear the cause on trial *de novo* and to render such judgment as it saw fit. The judgment of the circuit court is, therefore, affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.