## BOWLES, Price Administrator, v. BRANICK.

### No. 3818.

District Court, W. D. Missouri, W. D.

May 23, 1946.

Dick F. Bennett, Dist. Enforcement Atty., and Glen V. Graf, Enforcement Atty., both of Kansas City, Mo., for plaintiff.

Defendant per se.

REEVES, District Judge.

By motion filed April 13, 1946, the defendant seeks the vacation or the setting aside of a judgment entered February 28, 1946. The grounds of the motion are that, though notified on February 21, 1946, that the case would be called for hearing on the default February 27th, the defendant was in attendance on "a seriously ill member of her family (her father) and that she continued to remain in attendance with said individual until after the death, funeral, and burial of her relative and that she had no knowledge, in time, that said cause was being called for hearing nor that judgment had been rendered against her on February 27, 1946, until sometime after her return to the city when she was informed that said judgment had been so entered."

A second ground is "that she has a good and valid defense in this cause and desires to be heard on same, and that said judgment in the amounts so rendered is oppressive and unreasonable."

An inspection of the files shows that a complaint was filed by the Price Administrator on December 28, 1945, wherein the defendant was charged with violation of certain specified regulations of the Administrator, "in that she is demanding and receiving a rental for the use and occupancy of said housing accommodation at a higher rate than the maximum legal rent provided by said Regulation for Housing."

Upon the first count of the complaint the plaintiff asked for an injunction against the alleged violations and on the second count it was specifically charged that "from December 12, 1944 to and including July 12, 1945," the defendant charged an excess rental of $10 per month. This would amount to $70, which, being trebled, would be $210. The defendant was served with

process on January 10, 1946. She did not appear either in person or by counsel and no answer was filed. According to her motion she was notified of the purpose on the part of the plaintiff to take a default judgment on February 27th. The record shows that the default judgment was actually taken on February 28, 1946.

■ While it is the law that the setting aside or the vacation of a judgment is entirely within the discretion of the court, Western Union Telegraph Co. v. Dismang, 10 Cir., 106 F.2d 362; In re Rochester Sanitarium & Baths Co., 2 Cir., 222 F. 22, yet the question here is whether that discretion should be exercised in favor of the defendant.

Other statements of fact will be made as they may become pertinent in the discussion of the case.

1. When the defendant was served with process on January 10, 1946, it was her duty to answer within twenty days after such service. Paragraph (a), Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Failure to plead would invoke the application of Rule 55 of said Rules, as follows:

"(a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

2. By paragraph (b) of Rule 55 judgment by default may be entered either by the clerk or by the court. The facts in each case determine whether the default should be entered by the clerk or by the court. In this case clearly the default could only be entered by the court.

3. By subparagraph (2) of said paragraph (b) it is only necessary for the plaintiff to apply to the court for a default judgment. It was not necessary to notify the defendant as she had theretofore failed to enter an appearance. The plaintiff was entitled to a default judgment at the end of 20 days after service for the reason that the defendant had not answered or interposed any kind of defense. In this proceeding she was not entitled to further notice.

4. The defendant was notified, however, of the application for a default judgment. It was upon the second notice that she claims excusable neglect and that she has a meritorious defense. Paragraph (b) Rule 60 provides for the relief from a judgment or order in case of mistake, inadvertence, surprise, or excusable neglect. Such provision is as follows:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, * * * taken against him through his * * * excusable neglect."

■ It is then provided that the motion shall be made within reasonable time but in no case exceeding 6 months after such judgment. In her motion the plaintiff avers that she was in attendance on her sick father on February 27, 1946, and thereafter till his death and burial. No reason is assigned why an answer was not filed after service of process, January 10, 1946, and, moreover, no suggestion is made why her attorney did not appear at the required time in her behalf. While she says she has a meritorious defense, the nature of the defense is not set out. This is necessary in proceedings to vacate judgments.

In the case of Munroe and Hornsby v. Dougherty, 196 Mo.App. 124, loc cit. 132, 190 S.W. 1022, the St. Louis Court of Appeals cited with approval Parks v. Coyne, 156 Mo.App. 379, loc. cit. 391, 137 S.W. 335, as follows [196 Mo.App. 124, 190 S.W. 1024]:

"The authorities in this State are unanimous that, in order to justify a trial court in setting aside a judgment by default, the defendant must show: (1) That he has good reason for the default, and (2) that he has a meritorious defense, and that both of these things must appear so clearly as to make it manifest that the refusal of the trial court was arbitrary."

Many cases were cited in support of the rule and it may be said that this ruling conforms to the doctrine in other courts, including the federal courts.

■ 5. An inspection of the judgment and the complaint shows that an error was made in the computation, and that the maximum amount recoverable upon the

complaint would be $210 instead of $270. The overcharge covered a period of 7 months at $10, that is, from December 12, 1944, up to and including July 12, 1945. The judgment should be corrected by a nunc pro tunc order. Otherwise, the motion to vacate the judgment is without merit and should be overruled. It will be so ordered.