**FEDERAL ENTERPRISES, Inc.**

v.

**FRANK ALLBRITTEN MOTORS, Inc.**

**No. 8907.**

United States District Court
W. D. Missouri, W. D.

Aug. 3, 1954.

---

**110**

Brannock, Buck & Gray, Kansas City, Mo., for plaintiff.

Garrett, Terry & Jones, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

Whether a default judgment shall be set aside, under Rule 60(b) of Federal Rules of Civil Procedure, 28 U.S.C.A., is the question now before me.

Plaintiff, a New York corporation, commenced this suit in this court, on December 28, 1953, against the defendant, a Kansas corporation, licensed and qualified to do business in Missouri, upon two electric sign rental contracts, but in five counts. I state the substance of each count, in the footnote [1], to show the definite character and fixed amount of the claims in suit. Summons was served by the marshal December 30, 1953, upon C. R. Godbey, the person who had been appointed, and registered with the Secretary of State of Missouri, by defendant as its "registered agent" in Missouri, upon whom process directed to defendant might be served [2], and, thus, defendant's time to answer expired with the close of January 19, 1954.

Defendant did not answer or otherwise plead, and on January 28, 1954, plaintiff, pursuant to Rule 55(b)(2), applied, by motion, to the then judge of this division of this court for a default judgment as prayed, and the judge, on that day, entered judgment accordingly.

Thereafter, on February 10, 1954, defendant filed its motion to set aside the default judgment upon the grounds stated in "its affidavit (actually the affidavit of its President) which is attached hereto and made a part of this motion". That affidavit recites that C. R. Godbey had resigned as Secretary and "as registered agent for said corporation in the state of Missouri" prior to May 8, 1952, and that on the date last named a special meeting of the stockholders of defendant was held at which the resignation of C. R. Godbey as Secretary and "as registered agent for said corporation in the state of Missouri" was accepted; that when this suit was instituted "and a summons and a copy of the complaint therein, was served upon the said Carroll R. Godbey as registered

---

1. The contracts provided for the manufacture by plaintiff, and the installation by plaintiff on defendant's premises in Kansas City, of two electric signs, and for the lease thereof to defendant for a stated period at fixed rents. The first count sought rents on the first sign after default, at the contract rate of $127.01 per month from June 1, 1953, to the termination of the contract on April 9, 1955, or $2,832.32. The second count sought rents for the same sign, at the contract rate of $136.21 per month, from March 1, to May 31, 1953, or three months, plus sales tax of $2.18 per month, or a total of $415.17, less an advance payment by defendant of $408.63,

or a balance of $6.54. The third count sought rents for the second sign after default, at $47 per month from September 1, 1953, to the termination of the contract on April 9, 1955, or 19 months and 9 days, or $907.10, less an advance payment of $208.11, or $698.99. The fourth count sought rents for the second sign at the contract rate of $69.37 per month, from July 1, to August 31, 1953, or two months, plus $.78 sales tax, or a balance of $140.30. The fifth count sought attorney's fees in the amount of $1,000.

2. As required by Sections 351.620 and 351.630 RSMo 1949, V.A.M.S., of a foreign corporation in qualifying for a license to do business in Missouri.

agent for said corporation, he was no longer registered agent for said corporation, since he had duly resigned said office and said resignation had been accepted by said corporation through the action of its stockholders as heretofore stated." Nothing more appeared either in the motion or that affidavit for the vacation of the judgment.

Afterward, on February 16, 1954, plaintiff filed suggestions in opposition to defendant's motion to set aside the judgment, in which, among other things, it expressly pointed out (1) that even though C. R. Godbey may have resigned as registered agent of defendant in Missouri, defendant had taken no steps to register that fact and the name and address of its new registered agent, with the Secretary of State of Missouri, under Sections 351.625 and 351.375 RSMo 1949, V.A.M.S., and therefore C. R. Godbey was still the defendant's registered agent in Missouri, and the person upon whom process for defendant might be served, (2) that defendant had not shown mistake, inadvertence, surprise, or excusable neglect or other thing, required by Rule 60(b) for vacation of the judgment, and (3) that defendant had not shown that it has any meritorious defense to the suit.

Thereafter, on March 15, 1954, defendant filed additional suggestions in support of its motion to vacate the judgment and a second affidavit by its President. Those suggestions say that defendant "has a meritorious defense to the action" (but they do not recite any facts to support that conclusion), and that defendant desires, as a third party plaintiff, to bring into the case a third party defendant, who is liable over to defendant for the claims of this suit and that "if the default judgment is allowed to stand the defendant will suffer great hardship by not having the rights" of such third party defendant "adjudicated in this action", and defendant argues that the court, in these circumstances, has discretionary power to, and ought to, vacate the judgment. The second affidavit, attached to these suggestions, recites substantially the same matter as contained in the first one, and the following additional matter: It says that on May 8, 1952, after the stockholders had accepted the resignation of Mr. Godbey as Secretary and as registered agent of defendant in Missouri, the directors adopted a resolution by which "the registered agent in the State of Missouri was changed to Roy L. Kahn"; that affiant, defendant's president, "discussed the change of registered agent in the State of Missouri with (his) attorneys and it was (his) understanding and belief that a notification of such change had been filed with the corporate division of the Secretary of State, State of Missouri". He continues, saying that "on or about January 27, 1954, 28 days after suit had been instituted by Federal Enterprises, Inc., in this case, I was informed by an employee in my office that a telephone message had been received from the office of Carroll R. Godbey, the former registered agent of the corporation in the state of Missouri, to the effect that a suit had been instituted by Federal Enterprises, Inc., against Frank Allbritten Motors, Inc. This was the first notice that I received concerning this cause, and I have never been furnished with a summons or copy of the plaintiff's complaint. Immediately after this information reached me I engaged" attorneys "to represent said corporation in this cause."

The foregoing is the substance of all that is said or shown by defendant as its basis for asking the court to vacate the judgment.

While defendant's motion to vacate the judgment does not point to Rule 60(b) of Federal Rules of Civil Procedure as the legal basis for its motion, it clearly constitutes the basis for the motion if there is one. So far as here pertinent, that rule provides that the court, on motion, and upon such terms as are just, may relieve a party from a final judg-

ment resulting from "(1) mistake, inadvertence, surprise, or excusable neglect," or "(6) any other reason justifying relief from the operation of the judgment."

■■ While there is no doubt that the trial court may, in the exercise of a sound discretion, vacate a default judgment for any of the reasons stated in Rule 60(b) [3], and ought—in keeping with the fundamental principle that the object of legal procedures is the determination of issues upon their merits instead of upon refinements of procedure—to exercise it liberally where any ground under Rule 60(b), or any other sound justification, exists [4], yet that discretion is not "absolute", and may not be exercised "capriciously" but only "within the *sound* discretion of the trial court" [5]. It must be "so applied as to give effect, 'not * * * to the will of the judge, but to that of the law.' " [6] In considering the exercise of the discretion, courts "must recognize at the same time, both that the objective of legal procedure is the determination of issues upon their merits instead of upon refinements of procedure, and also that litigants and their counsel may not properly be allowed with impunity to disregard the process of the court" [7], and they must bear in mind that "It is an abuse of discretion * * to open or vacate a judgment where the moving party shows no legal ground

therefor or offers no excuse for his own negligence or default" [8], and that, generally, it is an abuse of discretion to vacate a default judgment unless the person against whom it is rendered makes some reasonable showing that he has a meritorious defense. [9]

How does defendant stand in the light of these facts and the law? Has it shown that the judgment was the result of mistake, inadvertence, surprise or excusable neglect on its part?

■ It appears to be clear that there are present no elements of "mistake", or of "surprise", and the question gets down to whether or not defendant's default resulted from its "inadvertence" or "excusable neglect". A showing of mere carelessness and negligence does not establish either "inadvertence" or "excusable neglect". [10]

A very influential fact at the outset is that defendant, though saying in its motion that it has a meritorious defense, does not set forth any facts which even remotely support that conclusion [11], but, on the contrary, by stressing its desire to have the judgment vacated so that it may, as a third party plaintiff, bring in a third party defendant, who, it says, is liable over to the plaintiff for the claims of this suit, defendant tacitly concedes the validity of the claims in suit, and, thus, it presents a situation upon which

3. Western Union Telegraph Co. v. Dismang, 10 Cir., 106 F.2d 362, 364; Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539, 541; Bowles v. Branick, D.C.Mo., 66 F. Supp. 557, 558.

4. Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539, 541.

5. Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539, 541; Chicago & N. W. Ry. Co. v. Davenport, D.C.S.D.Ia., 95 F.Supp. 469, 471; In Re Riedner, D.C.Wis., 94 F. Supp. 289; Woods v. Severson, D.C.Neb., 9 F.R.D. 84, 85.

6. Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539, 541; Tripp v. Cook, 26 Wend., N.Y., 143; Chicago & N. W. Ry. Co. v. Davenport, D.C.S.D.Ia., 95 F.Supp. 469, 471.

7. Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539, 541.

8. Western Union Telegraph Co. v. Dismang, 10 Cir., 106 F.2d 362, 364, and the many cases there cited under footnote 7 on page 364.

9. Bowles v. Branick, D.C.W.D.Mo., 66 F. Supp. 557, 558.

10. Ledwith v. Storkan, D.C.Neb., 2 F.R.D. 539, 543, 544; Woods v. Severson, D.C. Neb., 9 F.R.D. 84, 85; Doyle v. Rice Ranch Oil Co., 28 Cal.App.2d 18, 81 P.2d 980, 981.

11. See Bowles v. Branick, supra, on this point.

a court might well be justified in rendering a summary judgment against it upon these definite contract claims for fixed stipulated amounts, rather than a situation upon which the court would be justified in setting the default judgment aside.

■ Defendant is in the position of claiming that (1) because its "registered agent" in Missouri, C. R. Godbey, had resigned and defendant had accepted his resignation and its directors had adopted a resolution naming Roy L. Kahn to be its new "registered agent" in Missouri on March 8, 1952, about 22 months before the service of the summons and complaint upon C. R. Godbey, as its registered agent, in this suit on December 30, 1953, and because defendant's president had discussed with his attorneys the matter of "the change of registered agent in the State of Missouri", and understood "that a notification of such change had been filed with the corporate division of the Secretary of State of Missouri", and that (2) because C. R. Godbey did not advise defendant's president of the service of the summons and complaint herein, but advised another "employee" of defendant thereof—on a date not shown—, who did not advise defendant's president thereof until "on or about January 27, 1954", and because defendant's president thereupon engaged attorneys to defend the suit, but they did not appear or plead in the case immediately or before the judgment was rendered on January 28, 1954, the judgment should be set aside, even without a showing of any facts indicating defendant has a meritorious defense to the action. I think that position is unsound. It does not show any equity for defendant. I do not think it shows a proper regard for legal proceedings or for judicial process. Certainly it does not show "inadvertence" or "excusable neglect." It shows a succession of careless and negligent acts which amount to inexcusable, not "excusable" neglect, and therefore it would be an abuse, not an exercise, of a "sound judicial discretion" to set the judgment aside.

For the foregoing reasons it is ordered and adjudged by the court that defendant's motion to vacate the default judgment herein be, and it is hereby, denied.